UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JOSEPH P. CARRANZA,

                               Plaintiff,

            -against-

THE CITY OF NEW YORK, MICHAEL BLOOMBERG,
RAYMOND KELLY, THE NEW YORK CITY POLICE
DEPARTMENT, PAUL J. BROWNE, JOSEPH
ESPOSITO, THOMAS GRAHAM, BRUCE SMOLKA,
JOHN J. COLGAN, MARK MOCCIA, MARTIN
TOCZEK, and HOLLY AGAJANIAN,

                            Defendants.

**ANSWER TO FIRST
AMENDED COMPLAINT**

05 CV 10010 (KMK) (JCF)

------------------------------------------------------------------------ x

       Defendants City of New York, Michael Bloomberg, Raymond Kelly, Paul J. Browne,

Joseph Esposito, Thomas Graham, Bruce Smolka, John J. Colgan, Mark Moccia, and Martin

Toczek ("Defendants"),[1] by their attorney, Michael A. Cardozo, Corporation Counsel for the

City of New York, for their answer to plaintiff's First Amended Complaint ("Complaint"),

respectfully allege as follows:

**PRELIMINARY STATEMENT**

      1.      Deny the allegations set forth in paragraph 1 of the Complaint.

      2.      Deny the allegations set forth in paragraph 2 of the Complaint.

      3.      Deny the allegations set forth in paragraph 3 of the Complaint.

      4.      Deny the allegations set forth in paragraph 4 of the Complaint.

---

[1] The New York City Police Department is not a proper defendant herein.

5.      Deny the allegations set forth in paragraph 5 of the Complaint.

6.      Deny the allegations set forth in paragraph 6 of the Complaint.

7.      Deny the allegations set forth in paragraph 7, except admit that plaintiff purports to seek the relief described therein.

8.      Deny the allegations set forth in paragraph 8 of the Complaint, except admit that plaintiff purports to invoke the subject matter jurisdiction of this Court.

9.      Deny the allegations set forth in paragraph 9 of the Complaint, except admit that plaintiff purports to invoke the subject matter jurisdiction of this Court.

10.      Deny the allegations set forth in paragraph 10 of the Complaint, except admit that plaintiff purports to invoke the subject matter jurisdiction of this Court.

11.      Deny the allegations set forth in paragraph 11 of the Complaint, except admit that plaintiff purports to lay venue in this District.

12.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.      Admit the allegations set forth in paragraph 13 of the Complaint.

14.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.


**PARTIES**

15.      Deny the allegations set forth in paragraph 15 of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the

2

related laws of the State and City of New York for their content and meaning as to its responsibilities.

16.    Deny the allegations set forth in paragraph 16 of the Complaint, except admit that on August 31, 2004 and presently, Michael Bloomberg was/is Mayor of the City of New York.

17.    Deny the allegations set forth in paragraph 17 of the Complaint, except admit that on August 31, 2004 and presently, Raymond Kelly was/is Police Commissioner of the New York City Police Department ("NYPD").

18.    Deny the allegations set forth in paragraph 18 of the Complaint, except admit that on August 31, 2004 and presently, Paul J. Browne was/is Deputy Commissioner of Public Information for the NYPD.

19.    Deny the allegations set forth in paragraph 19 of the Complaint, except admit that on August 31, 2004 and presently, Joseph Esposito was/is Chief of Department of the NYPD.

20.    Deny the allegations set forth in paragraph 20 of the Complaint, except admit that Thomas Graham is presently commanding officer of the NYPD's Disorder Control Unit.

21.    Deny the allegations set forth in paragraph 21 of the Complaint, except admit that Bruce Smolka is presently an Assistant Chief of the NYPD and Chief of Patrol Borough Manhattan South.

22.    Deny the allegations set forth in paragraph 22 of the Complaint, except admit that John J. Colgan is a Deputy Chief of the NYPD.

23.    Admit the allegations set forth in paragraph 23 of the Complaint.

24.    Admit the allegations set forth in paragraph 24 of the Complaint.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

## STATEMENT OF THE CASE

26.     Admit the allegations set forth in paragraph 26 of the Complaint.

27.     Deny the allegations set forth in paragraph 27 of the Complaint.

28.     Deny the allegations set forth in paragraph 28 of the Complaint.

29.     Deny the allegations set forth in paragraph 29 of the Complaint.

30.     Deny the allegations set forth in paragraph 30 of the Complaint.

31.     Deny the allegations set forth in paragraph 31 of the Complaint.

32.     Deny the allegations set forth in paragraph 32 of the Complaint.

33.     Deny the allegations set forth in paragraph 33 of the Complaint.

34.     Deny the allegations set forth in paragraph 34 of the Complaint.

35.     Deny the allegations set forth in paragraph 35 of the Complaint.

36.     Deny the allegations set forth in paragraph 36 of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     Deny the allegations set forth in paragraph 39 of the Complaint.

40.     Deny the allegations set forth in paragraph 40 of the Complaint.

## STATEMENT OF FACTS

41.     No response is required to the allegations set forth in paragraph 41 of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     Deny the allegations set forth in paragraph 43 of the Complaint.

44.     Deny the allegations set forth in paragraph 44 of the Complaint.

45.     Deny the allegations set forth in paragraph 45 of the Complaint.

46.     Deny the allegations set forth in paragraph 46 of the Complaint.

47.     Deny the allegations set forth in paragraph 47 of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.     Deny the allegations set forth in paragraph 50 of the Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Complaint.

52.     Deny the allegations set forth in paragraph 52 of the Complaint.

53.     Deny the allegations set forth in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     Deny the allegations set forth in paragraph 55 of the Complaint.

56.     Deny the allegations set forth in paragraph 56 of the Complaint.

57.     Deny the allegations set forth in paragraph 57 of the Complaint.

58.     Deny the allegations set forth in paragraph 58 of the Complaint.

59.    Deny the allegations set forth in paragraph 59 of the Complaint.

60.    Deny the allegations set forth in paragraph 60 of the Complaint.

61.    Deny the allegations set forth in paragraph 61 of the Complaint, except admit that the NYPD made certain arrests on August 26, 27, 29, and 31, 2004.

62.    Deny the allegations set forth in paragraph 62 of the Complaint.

63.    Deny the allegations set forth in paragraph 63 of the Complaint.

64.    Deny the allegations set forth in paragraph 64 of the Complaint.

65.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Complaint.

66.    Deny the allegations set forth in paragraph 66 of the Complaint, except admit that defendant Moccia participated in the arrest of plaintiff.

67.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.    Deny the allegations set forth in paragraph 68 of the Complaint.

69.    Deny the allegations set forth in paragraph 69 of the Complaint.

70.    Deny the allegations set forth in paragraph 70 of the Complaint.

71.    Deny the allegations set forth in paragraph 71 of the Complaint.

72.    Deny the allegations set forth in paragraph 72 of the Complaint.

73.    Deny the allegations set forth in paragraph 73 of the Complaint.

74.    Deny the allegations set forth in paragraph 74 of the Complaint.

75.    The allegations set forth in paragraph 75 of the Complaint constitute an opinion rather than facts, such that no response is required.

76.     The allegations set forth in paragraph 76 of the Complaint constitute an opinion rather than facts, such that no response is required.

77.     Deny the allegations set forth in paragraph 77 of the Complaint.

78.     Deny the allegations set forth in paragraph 78 of the Complaint.

79.     Deny the allegations set forth in paragraph 79 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

80.     Deny the allegations set forth in paragraph 80 of the Complaint.

81.     Deny the allegations set forth in paragraph 81 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

82.     Deny the allegations set forth in paragraph 82 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

83.     Deny the allegations set forth in paragraph 83 of the Complaint.

84.     Deny the allegations set forth in paragraph 84 of the Complaint.

85.     Deny the allegations set forth in paragraph 85 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

86.     Deny the allegations set forth in paragraph 86 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

87.     Deny the allegations set forth in paragraph 87 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

88.     Deny the allegations set forth in paragraph 88 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

89.     Deny the allegations set forth in paragraph 89 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

90.     Deny the allegations set forth in paragraph 90 of the Complaint, except admit that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

91.     Deny the allegations set forth in paragraph 91 of the Complaint.

92.     Deny the allegations set forth in paragraph 92 of the Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94.     Admit the allegations set forth in paragraph 94 of the Complaint.

95.     Admit the allegations set forth in paragraph 95 of the Complaint.

96.     Deny the allegations set forth in paragraph 96 of the Complaint.

97.     Deny the allegations set forth in paragraph 97 of the Complaint.

98.     Deny the allegations set forth in paragraph 98 of the Complaint.

99.     Deny the allegations set forth in paragraph 99 of the Complaint.

100.     Deny the allegations set forth in paragraph 100 of the Complaint.

101.     Deny the allegations set forth in paragraph 101 of the Complaint.

102.     Deny the allegations set forth in paragraph 102 of the Complaint.

103.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Complaint.

104.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Complaint.

105.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint.

106.     Deny the allegations set forth in paragraph 106 of the Complaint.

107.    Deny the allegations set forth in paragraph 107 of the Complaint, except admit that plaintiff complained once to defendant Toczek about his flexcuffs.

108.    Deny the allegations set forth in paragraph 108 of the Complaint, except admit that plaintiff complained once to defendant Toczek about his flexcuffs.

109.    Deny the allegations set forth in paragraph 109 of the Complaint.

110.    Deny the allegations set forth in paragraph 110 of the Complaint.

111.    Deny the allegations set forth in paragraph 111 of the Complaint.

112.    Deny the allegations set forth in paragraph 112 of the Complaint.

113.    Deny the allegations set forth in paragraph 113 of the Complaint.

114.    Deny the allegations set forth in paragraph 114 of the Complaint.

115.    Deny the allegations set forth in paragraph 115 of the Complaint, except aver that defendant Toczek was properly trained in the use of flexcuffs.

116.    Deny the allegations set forth in paragraph 116 of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint.

118.    Deny the allegations set forth in paragraph 118 of the Complaint.

119.    Deny the allegations set forth in paragraph 119 of the Complaint.

120.    Deny the allegations set forth in paragraph 120 of the Complaint.

121.    Deny the allegations set forth in paragraph 121 of the Complaint.

122.    Deny the allegations set forth in paragraph 122 of the Complaint.

123.    Deny the allegations set forth in paragraph 123 of the Complaint.

124.    Deny the allegations set forth in paragraph 124 of the Complaint.

125.    Deny the allegations set forth in paragraph 125 of the Complaint.

126.    Admit the allegations set forth in paragraph 126 of the Complaint.

127.    Deny the allegations set forth in paragraph 127 of the Complaint.

128.    Deny the allegations set forth in paragraph 128 of the Complaint.

129.    Deny the allegations set forth in paragraph 129 of the Complaint.

130.    Deny the allegations set forth in paragraph 130 of the Complaint.

131.    Deny the allegations set forth in paragraph 131 of the Complaint.

132.    Deny the allegations set forth in paragraph 132 of the Complaint.

133.    Deny the allegations set forth in paragraph 133 of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Complaint.

137.    Deny the allegations set forth in paragraph 137 of the Complaint, except respectfully refer the Court to the criminal complaint generated as a result of plaintiff's arrest for its substance and meaning.

138.    Deny the allegations set forth in paragraph 138 of the Complaint, except respectfully refer the Court to the criminal complaint generated as a result of plaintiff's arrest for its substance and meaning.

139.    Deny the allegations set forth in paragraph 139 of the Complaint, except respectfully refer the Court to the criminal complaint generated as a result of plaintiff's arrest for its substance and meaning.

140.    Deny the allegations set forth in paragraph 140 of the Complaint.

141.    Deny the allegations set forth in paragraph 141 of the Complaint.

142.    Deny the allegations set forth in paragraph 142 of the Complaint.

143.    Deny the allegations set forth in paragraph 143 of the Complaint.

144.    Deny the allegations set forth in paragraph 144 of the Complaint.

145.    Deny the allegations set forth in paragraph 145 of the Complaint.

146.    Deny the allegations set forth in paragraph 146 of the Complaint.

147.    The allegations set forth in paragraph 147 of the Complaint constitute a legal conclusion to which no response is required.

148.    The allegations set forth in paragraph 148 of the Complaint constitute a legal conclusion to which no response is required.

149.    Deny the allegations set forth in paragraph 149 of the Complaint.

150.    Deny the allegations set forth in paragraph 150 of the Complaint, except aver that on August 31, 2004, defendant Toczek knew the legal requisites of a warrantless arrest.

151.    Deny the allegations set forth in paragraph 151 of the Complaint.

152.    Deny the allegations set forth in paragraph 152 of the Complaint.

153.    Deny the allegations set forth in paragraph 153 of the Complaint.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the Complaint.

156.    Deny the allegations set forth in paragraph 156 of the Complaint.

157.    Deny the allegations set forth in paragraph 157 of the Complaint.

158.    Deny the allegations set forth in paragraph 158 of the Complaint.

159.    Deny the allegations set forth in paragraph 159 of the Complaint.

160.    Deny the allegations set forth in paragraph 160 of the Complaint, except aver that on August 31, 2004, defendant Moccia knew the substance and meaning of PL240.20(5) and (6).

161.    Deny the allegations set forth in paragraph 161 of the Complaint.

162.    Deny the allegations set forth in paragraph 162 of the Complaint.

163.    Deny the allegations set forth in paragraph 163 of the Complaint.

164.    Deny the allegations set forth in paragraph 164 of the Complaint.

165.    Deny the allegations set forth in paragraph 165 of the Complaint.

166.    Deny the allegations set forth in paragraph 166 of the Complaint.

167.    Deny the allegations set forth in paragraph 167 of the Complaint, except aver that on August 31, 2004, defendant Moccia knew the legal requisites of a warrantless arrest.

168.    Deny the allegations set forth in paragraph 168 of the Complaint, except aver that on August 31, 2004, defendant Moccia knew the substance and meaning of PL240.20(5) and (6).

169.    Deny the allegations set forth in paragraph 169 of the Complaint, except aver that on August 31, 2004, defendant Moccia knew the substance and meaning of PL240.20(5) and (6).

170.    Deny the allegations set forth in paragraph 170 of the Complaint, except aver that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

171.    Deny the allegations set forth in paragraph 87 of the Complaint, except aver that on August 31, 2004, defendant Moccia was aware of the constitutional rights of protesters.

172.    Deny the allegations set forth in paragraph 172 of the Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the Complaint.

174.     Deny the allegations set forth in paragraph 174 of the Complaint.

175.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 175 of the Complaint.

176.     Deny the allegations set forth in paragraph 176 of the Complaint.

177.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 177 of the Complaint.

178.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 178 of the Complaint.

179.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 179 of the Complaint.

180.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 180 of the Complaint.

181.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 181 of the Complaint.

182.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the Complaint.

183.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 183 of the Complaint.

184.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 184 of the Complaint.

185.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 185 of the Complaint.

186.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 186 of the Complaint.

187.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 187 of the Complaint.

188.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 188 of the Complaint.

189.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189 of the Complaint.

190.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190 of the Complaint.

191.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 191 of the Complaint.

192.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192 of the Complaint.

193.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 193 of the Complaint.

194.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 194 of the Complaint.

195.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 195 of the Complaint.

196.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 196 of the Complaint.

197.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the Complaint.

198.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 198 of the Complaint.

199.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199 of the Complaint.

200.    Deny the allegations set forth in paragraph 200 of the Complaint.

201.    Deny the allegations set forth in paragraph 201 of the Complaint.

202.    The allegations set forth in paragraph 202 of the Complaint constitute a legal conclusion to which no response is required.

203.    Deny the allegations set forth in paragraph 203 of the Complaint.

204.    Deny the allegations set forth in paragraph 204 of the Complaint.

205.    Deny the allegations set forth in paragraph 205 of the Complaint.

206.    The allegations set forth in paragraph 206 of the Complaint constitute a legal conclusion to which no response is required.

207.    The allegations set forth in paragraph 207 of the Complaint constitute a legal conclusion to which no response is required.

208.    The allegations set forth in paragraph 208 of the Complaint constitute a legal conclusion to which no response is required.

209.    Deny the allegations set forth in paragraph 209 of the Complaint.

210.    Deny the allegations set forth in paragraph 210 of the Complaint.

211.    Deny the allegations set forth in paragraph 211 of the Complaint.

212.    Admit the allegations set forth in paragraph 212 of the Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 213 of the Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 214 of the Complaint.

215.    Deny the allegations set forth in paragraph 215 of the Complaint.

216.    No response is required to plaintiff's jury demand.

## FIRST CAUSE OF ACTION AND RELATED COUNTS
## FEDERAL CONSTITUTIONAL CLAIMS

217.    Repeat and reallege their responses to paragraphs 1-216 of the Complaint as if fully set forth herein.

218.    Deny the allegations set forth in paragraph 218 of the Complaint.

219.    Deny the allegations set forth in paragraph 219 of the Complaint.

220.    Deny the allegations set forth in paragraph 220 of the Complaint.

221.    Deny the allegations set forth in paragraph 221 of the Complaint.

222.    Deny the allegations set forth in paragraph 222 of the Complaint.

223.    Deny the allegations set forth in paragraph 223 of the Complaint.

224.    Deny the allegations set forth in paragraph 224 of the Complaint.

225.    Deny the allegations set forth in paragraph 225 of the Complaint.

226.    Deny the allegations set forth in paragraph 226 of the Complaint.

227.    Deny the allegations set forth in paragraph 227 of the Complaint.

228.    Deny the allegations set forth in paragraph 228 of the Complaint.

229.    Deny the allegations set forth in paragraph 229 of the Complaint.

230.    Deny the allegations set forth in paragraph 230 of the Complaint.

## SECOND CAUSE OF ACTION AND RELATED COUNTS
## CRIMINAL FALSIFICATION OF RECORDS

231.    Repeat and reallege their responses to paragraphs 1-230 of the Complaint as if fully set forth herein.

232.    Deny the allegations set forth in paragraph 232 of the Complaint.

## THIRD CAUSE OF ACTION AND RELATED COUNTS
## CRIMINAL SIMULATIONS OF LEGAL PROCESS

233.    Repeat and reallege their responses to paragraphs 1-232 of the Complaint as if fully set forth herein.

234.    Deny the allegations set forth in paragraph 234 of the Complaint.

235.    Deny the allegations set forth in paragraph 235 of the Complaint.

## FOURTH CAUSE OF ACTION AND RELATED COUNTS
## CRIMINAL FRAUD

236.    Repeat and reallege their responses to paragraphs 1-235 of the Complaint as if fully set forth herein.

237.    Deny the allegations set forth in paragraph 237 of the Complaint.

## FIFTH CAUSE OF ACTION
## WITHHOLDING EVIDENCE/TAMPERING WITH EVIDENCE

238.    Repeat and reallege their responses to paragraphs 1-237 of the Complaint as if fully set forth herein.

239.    Deny the allegations set forth in paragraph 239 of the Complaint.

240.    Deny the allegations set forth in paragraph 240 of the Complaint.

241.    Deny the allegations set forth in paragraph 241 of the Complaint.

242.    Deny the allegations set forth in paragraph 242 of the Complaint.

## SIXTH CAUSE OF ACTION
## SELECTIVE AND VINDICTIVE PROSECUTION

243.    Repeat and reallege their responses to paragraphs 1-242 of the Complaint as if fully set forth herein.

244.    Deny the allegations set forth in paragraph 244 of the Complaint.

245.    Deny the allegations set forth in paragraph 245 of the Complaint.

246.    Deny the allegations set forth in paragraph 246 of the Complaint.

## SEVENTH CAUSE OF ACTION AND RELATED COUNTS
## FALSE ARREST AND FALSE IMPRISONMENT

247.    Repeat and reallege their responses to paragraphs 1-246 of the Complaint as if fully set forth herein.

248.    Deny the allegations set forth in paragraph 248 of the Complaint.

249.    Deny the allegations set forth in paragraph 249 of the Complaint.

250.    Deny the allegations set forth in paragraph 250 of the Complaint.

251.    Deny the allegations set forth in paragraph 251 of the Complaint.

252.    Deny the allegations set forth in paragraph 252 of the Complaint.

253.    Deny the allegations set forth in paragraph 253 of the Complaint.

254.    Deny the allegations set forth in paragraph 254 of the Complaint.

255.    Deny the allegations set forth in paragraph 255 of the Complaint.

256.    Deny the allegations set forth in paragraph 256 of the Complaint.

257.    Deny the allegations set forth in paragraph 257 of the Complaint.

## EIGHTH CAUSE OF ACTION
## ASSAULT AND BATTERY

258.    Repeat and reallege their responses to paragraphs 1-257 of the Complaint as if
fully set forth herein.

259.    Deny the allegations set forth in paragraph 259 of the Complaint.

260.    Deny the allegations set forth in paragraph 260 of the Complaint.

261.    Deny the allegations set forth in paragraph 261 of the Complaint.

## NINTH CAUSE OF ACTION
## STATE CONSTITUTIONAL AND STATE LAW CLAIMS

262.    Repeat and reallege their responses to paragraphs 1-261 of the Complaint as if
fully set forth herein.

263.    Deny the allegations set forth in paragraph 263 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

264.    The Complaint fails in whole or in part to state a claim upon which relief may be
granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

265.    There was probable cause for plaintiff's arrest, detention, and/or prosecution.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

266.    Any and all injuries alleged in the Complaint were caused, in whole or in part, by the culpable, negligent, or intervening conduct of plaintiff and/or third parties, and were not the proximate result of any act of defendants.


## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

267.    This action is barred in whole or in part by the doctrines of res judicata and/or estoppel.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

268.    The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.


## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

269.    Punitive damages are not recoverable against the City of New York.


## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

270.    The amount of punitive damages against non-City defendants, if available, is limited by applicable state and federal constitutional provisions, including due process and other provisions of law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

271.    Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

272.    At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

273.    At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR AN ELEVENTH  AFFIRMATIVE DEFENSE

274.    To the extent defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

275.    Plaintiff's claims are barred, in whole or in part, by his contributory or comparative negligence and assumption of risk.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

276.    Plaintiff's claims are barred, in part, by his failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

277.    Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

WHEREFORE, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              June 17, 2006


                         MICHAEL A. CARDOZO
                         Corporation Counsel of the City of New York
                         *Attorney for Defendants*
                         100 Church Street, Room 6-124
                         New York, New York 10007
                         (212) 788-1817

                         By: _____/S/_____
                              Fred M. Weiler (FW 5864)
                              Assistant Corporation Counsel


TO:

Joseph Carranza, *pro se*
PO Box 575060
Whitestone, New York 11357-5060