UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JOSEPH P. CARRANZA,

                                Plaintiff,

                   -against-                       05 CV 10010 (KMK) (JCF)

THE CITY OF NEW YORK, MICHAEL BLOOMBERG,
RAYMOND KELLY, THE NEW YORK CITY POLICE
DEPARTMENT, PAUL J. BROWNE, JOSEPH
ESPOSITO, THOMAS GRAHAM, BRUCE SMOLKA,
JOHN J. COLGAN, MARK MOCCIA, MARTIN
TOCZEK, and HOLLY AGAJANIAN,

                            Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S PURPORTED MOTION FOR RELIEF PURSUANT TO F.R.C.P. 72

       Defendants respectfully submit this memorandum of law in opposition to plaintiff's letter to Your Honor dated December 11, 2006, which purports to be a Rule 72 appeal from Magistrate Judge Francis' October 19, 2006 memorandum decision striking seven Requests for Admissions served by plaintiff in this action. For the reasons set forth below, plaintiff's purported Rule 72 motion should be dismissed for procedural as well as substantive reasons, and Judge Francis' October 19, 2006 order should be affirmed.

## BACKGROUND

This case involves the arrest and detention of plaintiff during the 2004 Republican National Convention. On or about October 1, 2006, plaintiff served seven separate but virtually identical Requests for Admission upon defendants Mayor Bloomberg, Raymond Kelly, Paul J. Browne, Joseph Esposito, Thomas Graham, and Bruce Smolka, respectively. (Copies of the Requests for Admission ("Requests") are annexed hereto as Exhibits A-G).  Contrary to the purpose of F.R.C.P. 36, plaintiff's Requests seek admissions of law or legal conclusions.  By way of example, plaintiff asks Police Commissioner Raymond Kelly to admit the following:

- "Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a fundamental political law fact?" (Exh. A, Request No. 1)

- "Do you admit . . .that the written Constitution of the State of New York, is a Political Trust Deed, ratified by the People for the sole benefit of the People of the State of New York, who are deemed State Political Trustors, and also, the beneficiaries of a State Political Trust, which Trust is evidenced by said written and ratified Constitution of the State of New York?" (Exh. A, Request No. 4)

- "Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also described as departments?" (Exh. A, Request No. 15)

Plaintiff directed virtually the same requests to Mayor Bloomberg and other high-ranking NYPD officials. (See Exhs. B-G).  In response, defendants' counsel wrote to plaintiff, urging him to withdraw the Requests because they were vexatious, had no relevance to any issues in this case, would not narrow any issues for trial, and would not resolve any disputed facts. When plaintiff refused to do so, defendants moved by letter before Judge Francis for an order striking plaintiff's Requests or, in the alternative, for a protective order relieving defendants of any duty to respond to the Requests. By memorandum endorsement of defendants' letter motion on

October 19, 2006 ("Order"), Judge Francis granted defendants' motion and struck all of plaintiff's Requests. (A copy of the Order is annexed hereto as <u>Exhibit H</u>).

Rather than appeal the Order within the 10-day period prescribed by F.R.C.P. 72(a), on December 11, 2006 – nearly two months after the date of the Order – plaintiff wrote a letter to Your Honor which Your Honor forwarded to Judge Francis for consideration. (A copy of plaintiff's December 11, 2006 letter to Your Honor ("December 11 Letter") is annexed hereto as <u>Exhibit I</u>). That letter addressed a number of topics, but in an order dated December 20, 2006, Judge Francis responded in part to the December 11 Letter by referring to Your Honor that portion of the letter that Judge Francis deemed to be an "apparently untimely" Rule 72 appeal of his Order. (A copy of that "referral" order is annexed hereto as <u>Exhibit J</u>). By Your Honor's memorandum endorsement of January 23, 2007 (a copy of which is annexed hereto as <u>Exhibit K</u>), Your Honor has interpreted part of plaintiff's December 11 Letter as a Rule 72 appeal, and invited defendants to respond accordingly.

For the reasons set forth below, defendants respectfully request that Judge Francis' Order be affirmed, and that plaintiff's Requests remain stricken in their entirety.

## STANDARD OF REVIEW

In evaluating a Magistrate Judge's order with respect to a nondispositive pretrial matter, a district court shall, pursuant to Rule 72 of the Federal Rules of Civil Procedure and the Federal Magistrate's Act, 28 U.S.C.S. 636(b)(1)(A), modify or reverse any portion of the order found to be clearly erroneous or contrary to law. *See* <u>Albin v. Cosmetics Plus, N.Y.</u>, 97 Civ. 2670 (WK),1999 U.S. Dist. LEXIS 2224, *7 (S.D.N.Y. Mar. 1,1999) (*citing* <u>Hoar, Inc. v. Sara Lee Corp.</u>, 900 F.2d 522, 525 (2d Cir. 1990) ("[m]atters involving pretrial discovery generally are

considered nondispositive of the litigation and are subject to the more lenient 'clearly erroneous' standard"). A finding is deemed to be clearly erroneous when the reviewing court, although recognizing that there may be evidence to support the order, concludes that a mistake has been made. *Id.*

## ARGUMENT

## POINT I

## PLAINTIFF'S PURPORTED RULE 72 OBJECTIONS ARE UNTIMELY, SUCH THAT PLAINTIFF HAS WAIVED ANY OBJECTIONS TO JUDGE FRANCIS' ORDER

In the plain language of F.R.C.P. 72, "[w]ithin 10 days after being served with a copy of [a] magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made." F.R.C.P. 72(a). *See also* <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 58 (2d Cir. 1988) ("when a party fails to object timely to a magistrate's recommended decision, it waives any further judicial review of that decision") (citation omitted)); <u>Derthwick Associates v. Bassett-Walker Inc.</u>, 1992 U.S. Dist. LEXIS 14505, at *31 (S.D.N.Y. Sept. 23, 1992) (to same effect); <u>A. Morrison Trucking v. Teamsters Local 282</u>, 2006 U.S. Dist. LEXIS 22369, at *1-2 (E.D.N.Y. April 1, 2006). (to same effect). Here, Judge Francis' Order is dated October 19, 2006, and indicates that a copy of the Order was mailed to plaintiff on or about that date (*see* Exhibit H, pp. 1, 3). Plaintiff's objections to the Order, however, were served on or about December 11, 2006 (Exhibit I) -- nearly *two months* after the date that the Order was entered and mailed to plaintiff. For this reason alone, plaintiff has waived his right to have this Court review Judge Francis' Order pursuant to Rule 72, and plaintiff's objections should be deemed untimely.

**POINT II**

**PLAINTIFF'S PURPORTED RULE 72 OBJECTIONS, EVEN IF DEEMED TIMELY AND CONSIDERED BY THE COURT, FAIL TO DEMONSTRATE THAT JUDGE FRANCIS' ORDER IS CLEARLY ERRONEOUS OR CONTRARY TO LAW**

Should the Court choose to overlook the untimeliness of plaintiff's purported Rule 72 appeal and consider the substance of plaintiff's December 11 Letter, the Order should nonetheless be upheld because plaintiff fails to explain how Judge Francis' decision is clearly erroneous or contrary to law – as plaintiff must, by the plain language of Rule 72.

As defendants argued in their moving letter, the purpose of a Rule 36 request for admissions is "to [assist] the parties and the court to narrow the factual issues to be presented for determination in connection with . . . a claim, either on motion or at trial." Brodeur v. McNamee, 2005 U.S. Dist. LEXIS 14939 (N.D.N.Y. July 27, 2005), at *6. However, a request for admissions cannot ask the responding party for admissions of law or legal conclusions. Williams v. Krieger, 61 F.R.D. 142, 144 (S.D.N.Y. 1973); Anderson v. United Airlines, Inc., 49 F.R.D. 144, 149 (S.D.N.Y. 1969); Samborski v. Linear Abatement Corp., 1997 U.S. Dist. LEXIS 1337 (S.D.N.Y. Feb. 10, 1997).

That, however, is precisely what plaintiff is attempting to do with his Requests (Exhibits A-G). For example, plaintiff asks Police Commissioner Raymond Kelly to admit that "the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a fundamental political law fact" (Exh. A, Request No. 1); admit that "the written Constitution of the State of New York, is a Political Trust Deed, ratified by the People for the sole benefit of the People of the State of New York, who are deemed State Political Trustors, and also, the beneficiaries of a State Political Trust, which Trust is evidenced by said written and ratified Constitution of the State of New York" (Exh. A, Request No. 4); and admit that "the government of the State of New York, is Constitutionally mandated to separate the powers of

governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also described as departments" (Exh. A, Request No. 15).

As Judge Francis properly recognized in his Order, these and plaintiff's other Requests are vexatious, have no relevance to any issues in this case, will not narrow any issues for trial, and will not resolve any disputed facts.

Directly on point is Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority, 234 F.R.D. 1 (D.D.C. 2006). Disability Rights involved an ADA lawsuit by disability rights advocates against Washington Metropolitan Area Transit Authority ("WMATA"). WMATA served requests for admissions upon plaintiffs that asked them to admit whether or not certain matters were required by the ADA or Federal Transit Administration regulations. 234 F.R.D. at 2. Plaintiffs objected and refused to respond to most of the requests, whereupon WMATA moved for an order striking plaintiffs' objections and deeming the requests admitted. Id. The Court refused to do so after reviewing the requests, holding that under Rule 36, "one party cannot demand that the other party admit the truth of a legal conclusion." 234 F.R.D. at 3. The Court disallowed the following requests, which are strikingly similar to the type of requests plaintiff here has served upon defendants:

- "Admit that neither the ADA nor the Rehabilitation Act require that paratransit vehicles be equipped with adequate heat and air conditioning systems as referred to in paragraph 38(a) of the Complaint" (234 F.R.D. at 2-3);

- "[A]dmit that in Maryland, D.C. and Virginia, any otherwise qualified voter who is a qualified person with a disability is entitled to vote by absentee ballot" (234 F.R.D. at 3);

- "[A]dmit that consistent with the regulations, Metroaccess patrons must meet their rides at a designated pick-up spot, which is outdoors" (Id.)

With each of these requests, which are even narrower and less grandiose than plaintiff's, the Court agreed with plaintiffs that the requests were objectionable because WMATA was seeking

a purely legal conclusion or opinion, and because nothing in each request "applies law to fact, let alone to the facts of the case." 234 F.R.D. at 3.

The same reasoning applies here. Whether Commissioner Kelly believes that New York's Constitution is a "Political Trust Deed," or whether Mayor Bloomberg believes that "the People of the State of New York are the Inherent Political Power Holders of the State of New York," has nothing to do with the circumstances of plaintiff's arrest and detention during the RNC. Responding to *over 140* such requests would do little to resolve disputed facts or advance this litigation.

In his December 11 Letter, plaintiff fails to identify a single error that Judge Francis made in his Order, or how that Order is contrary to law. Instead, plaintiff argues to Your Honor that his Requests do not seek admissions of law or legal conclusions, but rather "address the issues" of the "origin and essential nature of the State and Federal Constitutions," "the origin and essential nature of the People's Unalienable Rights," "the basic legal relationship between the Plaintiff (i.e. Trustor), and the Defendants (i.e., Trustees,)" "the lawful/constitutional/statutory limitations, and/or, the Delegated Powers of their respective public offices," and "how that legal relationship and/or, the lawful/constitutional/statutory limitations/Delegated Powers, of their public office, apply to the facts as they are alleged in the complaint . . . ." (Exh. I, pp. 4-5).

Clearly, these issues have nothing to do with this or any other RNC case, and answers to the Requests will not advance this litigation or narrow any facts before trial. As further illustrative of the lack of merit to plaintiff's argument, plaintiff argues that the delegation of judicial powers to a United States Magistrate Judge is unconstitutional (Exh. I, pp. 7-9). Plaintiff then argues in *non sequitur* fashion that as a *pro se* plaintiff, his pleadings should be held to a less stringent standard than those of other litigants (id., pp. 9-11). Neither of these arguments has

anything to do with the propriety of the Requests, or plaintiff's need for responses to them. In sum, plaintiff fails to demonstrate how Judge Francis' Order is either clearly erroneous or contrary to established law.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that Your Honor deny plaintiff's objections and affirm Judge Francis' Order striking plaintiff's Requests in their entirety.

Dated:        New York, New York
              February 1, 2007


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-132
                              New York, New York 10007
                              (212) 788-1817

                              By:    _____
                                     Fred M. Weiler (FW 5864)
                                     Assistant Corporation Counsel
                                     Special Federal Litigation Division


cc:     Joseph Carranza, pro se (by e-mail and first-class mail)

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————--X

JOSEPH P. CARRANZA
                    Plaintiff,
     -against-

05 CV 10010 (KMK)

THE CITY OF NEW YORK, a municipal entity,
MICHAEL BLOOMBERG, Mayor of the City of New York,
RAYMOND KELLY, New York City Police Commissioner,
THE NEW YORK CITY POLICE DEPARTMENT,
PAUL J. BROWNE, Chief Spokesman for the
New York City Police Department,
JOSEPH ESPOSITO, Chief of Department
New York City Police Department,
THOMAS GRAHAM, Commander of Disorder Control Unit
New York City Police Department,
BRUCE SMOLKA, Assistant Chief, Patrol Borough Manhattan South
New York City Police Department,
JOHN J. COLGAN, Deputy Chief & Commanding Officer, Pier 57
NEW YORK CITY POLICE OFFICERS:
MARK MOCCIA, SHIELD # 21176 47 PRECINCT,
MARTIN TOCZEK, SHEILD # 27487 47 PRECINCT,
HOLLY AGAJANIAN, Assistant District Attorney,
New York County District Attorney's Office

                    Defendants.
————————————————————————————--X

## NOTICE AND REQUEST FOR ADMISSIONS
### AND NOTICE AND REQUEST TO PRODUCE DOCUMENTS
## ( First Set Presented to NYC POLICE COMMISSIONER RAYMOND KELLY_)


Please take notice that the Plaintiff, Joseph Carranza, herein-

after, Plaintiff, proceeding pro se, hereby, pursuant to Discov-

ery Rights as a holder of the inherent political power of this

American Nation, and the Federal Rules of Civil Proce-
dure, serves upon Defendant **NYC POLICE COMMISSIONER**
**RAYMOND KELLY**, the following Request for Admissions.
Please answer  each question as either "Admitted", or
"Denied". For any question you deny, please provide an
answer in rebuttal which expressly and relevantly ad-
dresses the subject/issue raised in the question, and
when the subject/issue pertains to a political law
fact, a.k.a. constitutional law fact, or other law
fact, then said answer in traverse/rebuttal, must be
verifiable in law. For answers intended to traverse a
question addressing a political law, constitutional
law, or other law fact, that is being denied, that does
not expressly and relevantly address the subject/issue
raised by the question, or if the answer is not verifi-
able as either a political law, constitutional law, or
other law fact, as the case may be, then said question
either must be deemed admitted, or, alternatively, as
an intentional act of criminal fraud by and through em-
ployment of silence and/or evasion to the question.

Defendant's answers to these Requests for Admissions, when completed and all supporting documentation, should be mailed to the Plaintiff, Joseph Carranza, P.O. Box 575060, Whitestone, NY, 11357-5060.

Thank you for your cooperation.

Plaintiff's Requests for Admissions, are as follows:

1.   Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a matter of fundamental political law fact?

Answer:

2.   Do you admit that pursuant to the foregoing admissions question, that the People of the State of New York alone, have the power to create, alter, or abolish

their State Government?

Answer:


3.   Do you admit that pursuant to the foregoing admis-
sions questions numbers 1, and 2, that the Government
of the State of New York is styled as "The State of New
York", but on no occasion can the Government of the
State of New York be recognized as actually being the
State of New York, inasmuch as only the People of the
State of New York, are the State of New York?

Answer:


4.   Do you admit that pursuant to the foregoing admis-
sions questions numbers 1, 2, and 3, that the written
Constitution of the State of New York, is a Political
Trust Deed, ratified by the People for the sole benefit
of the People of the State of New York, who are deemed
State Political Trustors, and also, the beneficiaries
of a State Political Trust, which Trust is evidenced by

said written and ratified Constitution of the State of New York?

Answer:


5. Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, and 4, that all valid Constitutional Doctrines, rest Inherently, and therefore, entirely, in the hands of the People of the State of New York, because the People of the State of New York are the Holders of the Inherent Political Power of the State of New York?

Answer:


6. Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, and 5, that every State Government Official, receives his/her official authority, from the People of the State of New York, and that said official authority, therefore, is delegated to him/her, from the People of the State of New

York, who hold all Political Authority?

Answer:


7.  Do you admit that pursuant to the foregoing admis-
sions questions numbers 1, 2, 3, 4, 5, and 6, that you,
defendant, **RAYMOND KELLY**, are a State of New York Po-
litical Trustee, having official authority as **NYC PO-
LICE COMMISSIONER**, but only when performing official
duties of your office pursuant to the written Constitu-
tion of the State of New York, and Constitutionally au-
thorized statutes which expressly define the limita-
tions of that exercise?

Answer:


8.  Do you admit that pursuant to the foregoing admis-
sions questions numbers 1, 2, 3, 4, 5, 6, and 7, that
every State Government Official, is subject to having
his/her individual presumptions of official authority
challenged in individual instances of his exercise of

said authority and that when so challenged, the burden is on said Official, to prove his/her Official Authority in an instant matter, or case, by a substantive tracing of his/her delegation of said authority by the People of the State of New York, to him/her, with verifiable law facts which are expressly relevant to the specific exercise of official authority, instantly being challenged?

Answer:


9.   Do you admit that the People of the State of New York have an Unwritten State Constitution, wherein are found their Inherent Political Powers and Rights, which can neither be derogated or abrogated?

Answer:


10.   Do you admit that the written Constitution of the State of New York, is comprised of two major sub-parts, namely, (1) A Declaration of Rights Part, ( Bill of

Rights Article ) wherein the People of the State of New York enumerate some of their Unalienable, a.k.a. Natural, a.k.a. Constitutional Rights found in their Unwritten State Constitution, whereas other said Rights, are not enumerated, but remain no less inviolate, and (2) A Declaration of Powers Part, in which the People of the State of New York create and define the offices of their State Government, and express the delegated powers of those State Offices?

Answer:


11.  Pursuant to the foregoing admissions question, do you admit that the primary purpose for which the government of the State of New York, a.k.a., The People's Servant Government, was instituted, is to secure, defend, vindicate, and protect from all encroachment, be that encroachment governmental, or non-governmental, the immunities, protections, privileges, and rights, which are enumerated in the Bill of Rights Section of the Constitution of the State of New York?

12.  Do you admit that when the Rights of the People
are involved, the statements contained within the Dec-
laration of Rights section of the Constitution of the
State of New York, must be "Liberally Construed", that
is, that ALL of the Rights of the People are not stated
within the foregoing section of the constitution, and
that there are many other immunities, protections,
privileges, and rights which are not expressly stated,
and yet, these too, must be included as being among the
Rights of the People?


13.  Do you admit that when the Powers of a particular
Government Official/Officer are involved, the official
duties, authority, and powers of that Official/Officer,
MUST NOT be "Liberally Construed", that is, Officials/
Officers serving in the People's Servant Government,
have only those delegated powers which are clearly, un-
ambiguously, and expressly stated in the Constitution?

14.   Do you admit that it is a fundamental principle of American Jurisprudence, that when an individual is accused of a violation of criminal law, the burden of proving that said individual committed such violation, rests on the accuser?

Answer:


15.   Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also sometimes described as departments?

Answer:


16.   Do you admit that as a matter of fundamental political principle of our uniquely American system of governance, that no official in the government of the State of New York, can be said to have the official, hence, lawful, hence, Constitutional Authority, to vio-

late the Unalienable, a.k.a., Natural, a.k.a., Constitutional Rights of the People of the State of New York?

Answer:


17.   Do you admit that the Rights of an Individual Citizen of the State of New York, are not derived from governmental agencies, either municipal, state, federal or other, or even from the Constitution of the State of New York, but rather, that the Rights of an Individual Citizen of the State of New York are Rights Endowed by our Creator, or Natural Rights, which exist inherently in every person, and are merely reaffirmed in the Constitution?


18.   Do you admit that the Constitution of the State of New York must not be construed to mean one thing at one time, and another thing, at some subsequent time, for example, that Article I Section 9 of the Constitution of the State of New York, the original intent of which is to secure, and protect the People of the State of

New York from "Easy", and/or, Capricious, and/or, Arbitrary, and/or, Unlawful Arrest and Imprisonment, in advance of any such arrest and imprisonment, must not be construed to mean that the People of the State can Peaceably Assemble on the Streets of New York City in the time before and/or after a major political convention is taking place within the city, but not DURING, the time that such a convention is taking place.

19.  Do you admit that it is a truism of American Jurisprudence, that when there is a conflict between the enforcement of statutes, rules, or code sections, ( such as New York Penal Code Section 240.20 (5) & 240.20 (6) ), and the exercise of a Constitutionally Protected Right, ( such as the Right of the People Peaceably to Assemble, as enumerated at Article I, Section 9 of the Constitution of the State of New York ), that the former must give way, and the Constitutional Rights of the People of the State of New York, must be protected from all encroachment, regardless of whether

the encroachment, and/or, intrusion, and/or, obstruc-
tion, and/or, abridgement, and/or, abrogation, and/or,
derogation, and/or interference with Constitutionally
Protected Activity, be governmental, or be it non-
governmental?

Answer:


20.  Do you admit that even if it were true, that the
Plaintiff had the intention of "blocking pedestrian
traffic", and/or, "causing pedestrians to walk in an
active street", on August 31st, 2004, as was alleged in
the complaint filed in connection with the subject case
against the Plaintiff, that the Plaintiff's conduct
would still constitute Constitutionally Protected Ac-
tivity, if he ALSO had the DUEL INTENTION, of exercis-
ing a constitutionally protected right, in particular,
his unalienable right peaceably to assemble, and there-
fore, his arrest, and imprisonment on August 31st,
2004, was a violation of the Plaintiff's Constitution-
ally Protected Rights?

Answer:

21.  Do you admit that any public official of the State of New York, who commits an act that is beyond the delegated powers of his State Public Office, and by doing so, violates the Unalienable, a.k.a. Constitutional Rights of a holder of the Inherent Political Power of the State of New York, proceeds in his/her personal capacity and not in his/her official capacity, for want of official authority in the gift of the people to violate any of the People's Unalienable, a.k.a. Constitutional Rights, secured and protected ( NOT GRANTED ) by the Constitution of the United States, and by the Constitution of the State of New York, or to commit acts of criminal fraud against a holder of the Inherent Political Power, and/or to falsify records fraudulently alleging criminal charges or violation of law, and/or, to obstruct justice under color of statute / under color of his/her public office / under color of law,

and/or, to commit acts of misconduct in office, and therefore, that public official would be without the privilege of official, and/or, absolute, and/or, qualified immunity, since he/she would have proceeded in complete absence of subject-matter jurisdiction, and in complete absence of any and all, legitimate, official authority whatsoever, hence, no protection under the Immunity Doctrine, may be invoked for his or her benefit, no matter how liberally such doctrine may be construed?

Answer:


Submitted with all due respect this 1st day of October, 2006.

_____

Joseph Carranza
P.O. Box 575060
Whitestone, NY
11357-5060

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————————————X

JOSEPH P. CARRANZA

                        Plaintiff,

    -against-

                                     05 CV 10010 (KMK)

THE CITY OF NEW YORK, a municipal entity,
MICHAEL BLOOMBERG, Mayor of the City of New York,
RAYMOND KELLY, New York City Police Commissioner,
THE NEW YORK CITY POLICE DEPARTMENT,
PAUL J. BROWNE, Chief Spokesman for the
New York City Police Department,
JOSEPH ESPOSITO, Chief of Department
New York City Police Department,
THOMAS GRAHAM, Commander of Disorder Control Unit
New York City Police Department,
BRUCE SMOLKA, Assistant Chief, Patrol Borough Manhattan South
New York City Police Department,
JOHN J. COLGAN, Deputy Chief & Commanding Officer, Pier 57
NEW YORK CITY POLICE OFFICERS:
MARK MOCCIA, SHIELD # 21176 47 PRECINCT,
MARTIN TOCZEK, SHEILD # 27487 47 PRECINCT,
HOLLY AGAJANIAN, Assistant District Attorney,
New York County District Attorney's Office

                          Defendants.

————————————————————————————————————X

## NOTICE AND REQUEST FOR ADMISSIONS
## AND NOTICE AND REQUEST TO PRODUCE DOCUMENTS
## ( First Set Presented to NYC MAYOR MICHAEL BLOOMBERG_ )


Please take notice that the Plaintiff, Joseph Carranza, herein-

after, Plaintiff, proceeding pro se, hereby, pursuant to Dis-

covery Rights as a holder of the inherent political power of

this American Nation, and the Federal Rules of Civil Procedure, serves upon Defendant **NYC MAYOR MICHAEL BLOOMBERG**, the following Request for Admissions. Please answer each question as either "Admitted", or "Denied". For any question you deny, please provide an answer in rebuttal which expressly and relevantly addresses the subject/issue raised in the question, and when the subject/issue pertains to a political law fact, a.k.a. constitutional law fact, or other law fact, then said answer in traverse/rebuttal, must be verifiable in law. For answers intended to traverse a question addressing a political law, constitutional law, or other law fact, that is being denied, that does not expressly and relevantly address the subject/issue raised by the question, or if the answer is not verifiable as either a political law, constitutional law, or other law fact, as the case may be, then said question either must be deemed admitted, or, alternatively, as an intentional act of criminal fraud by and through employment of silence and/or evasion to the question.

Defendant's answers to these Requests for Admissions, when completed and all supporting documentation, should be mailed to the Plaintiff, Joseph Carranza, P.O. Box 575060, Whitestone, NY, 11357-5060.

Thank you for your cooperation.

Plaintiff's Requests for Admissions, are as follows:

1.   Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a matter of fundamental political law fact?

Answer:

2.   Do you admit that pursuant to the foregoing admissions question, that the People of the State of New York alone, have the power to create, alter, or abolish

their State Government?

Answer:


3.   Do you admit that pursuant to the foregoing admis-
sions questions numbers 1, and 2, that the Government
of the State of New York is styled as "The State of New
York", but on no occasion can the Government of the
State of New York be recognized as actually being the
State of New York, inasmuch as only the People of the
State of New York, are the State of New York?

Answer:


4.   Do you admit that pursuant to the foregoing admis-
sions questions numbers 1, 2, and 3, that the written
Constitution of the State of New York, is a Political
Trust Deed, ratified by the People for the sole benefit
of the People of the State of New York, who are deemed
State Political Trustors, and also, the beneficiaries
of a State Political Trust, which Trust is evidenced by

said written and ratified Constitution of the State of
New York?

Answer:


5.  Do you admit that pursuant to the foregoing admis-
sions questions numbers 1, 2, 3, and 4, that all valid
Constitutional Doctrines, rest Inherently, and there-
fore, entirely, in the hands of the People of the State
of New York, because the People of the State of New
York are the Holders of the Inherent Political Power of
the State of New York?

Answer:


6.  Do you admit that pursuant to the foregoing admis-
sions questions numbers 1, 2, 3, 4, and 5, that every
State Government Official, receives his/her official
authority, from the People of the State of New York,
and that said official authority, therefore, is dele-
gated to him/her, from the People of the State of New

York, who hold all Political Authority?

Answer:


7.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, and 6, that you, defendant **MICHAEL BLOOMBERG** are a State of New York Political Trustee, having official authority as **NYC MAYOR**, but only when performing official duties of your office pursuant to the written Constitution of the State of New York, and Constitutionally authorized statutes which expressly define the limitations of that exercise?

Answer:


8.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, 6, and 7, that every State Government Official, is subject to having his/her individual presumptions of official authority challenged in individual instances of his exercise of

said authority and that when so challenged, the burden
is on said Official, to prove his/her Official Author-
ity in an instant matter, or case, by a substantive
tracing of his/her delegation of said authority by the
People of the State of New York, to him/her, with veri-
fiable law facts which are expressly relevant to the
specific exercise of official authority, instantly be-
ing challenged?

Answer:


9.  Do you admit that the People of the State of New
York have an Unwritten State Constitution, wherein are
found their Inherent Political Powers and Rights, which
can neither be derogated or abrogated?

Answer:


10.  Do you admit that the written Constitution of the
State of New York, is comprised of two major sub-parts,
namely, (1) A Declaration of Rights Part, ( Bill of

Rights Article ) wherein the People of the State of New York enumerate some of their Unalienable, a.k.a. Natural, a.k.a. Constitutional Rights found in their Unwritten State Constitution, whereas other said Rights, are not enumerated, but remain no less inviolate, and (2) A Declaration of Powers Part, in which the People of the State of New York create and define the offices of their State Government, and express the delegated powers of those State Offices?

Answer:


11.  Pursuant to the foregoing admissions question, do you admit that the primary purpose for which the government of the State of New York, a.k.a., The People's Servant Government, was instituted, is to secure, defend, vindicate, and protect from all encroachment, be that encroachment governmental, or non-governmental, the immunities, protections, privileges, and rights, which are enumerated in the Bill of Rights Section of the Constitution of the State of New York?

12.  Do you admit that when the Rights of the People
are involved, the statements contained within the Dec-
laration of Rights section of the Constitution of the
State of New York, must be "Liberally Construed", that
is, that ALL of the Rights of the People are not stated
within the foregoing section of the constitution, and
that there are many other immunities, protections,
privileges, and rights which are not expressly stated,
and yet, these too, must be included as being among the
Rights of the People?


13.  Do you admit that when the Powers of a particular
Government Official/Officer are involved, the official
duties, authority, and powers of that Official/Officer,
MUST NOT be "Liberally Construed", that is, Officials/
Officers serving in the People's Servant Government,
have only those delegated powers which are clearly, un-
ambiguously, and expressly stated in the Constitution?

14.  Do you admit that it is a fundamental principle of American Jurisprudence, that when an individual is accused of a violation of criminal law, the burden of proving that said individual committed such violation, rests on the accuser?

Answer:



15.  Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also sometimes described as departments?

Answer:



16.  Do you admit that as a matter of fundamental political principle of our uniquely American system of governance, that no official in the government of the State of New York, can be said to have the official, hence, lawful, hence, Constitutional Authority, to vio-

late the Unalienable, a.k.a., Natural, a.k.a., Constitutional Rights of the People of the State of New York? Answer:

17.    Do you admit that the Rights of an Individual Citizen of the State of New York, are not derived from governmental agencies, either municipal, state, federal or other, or even from the Constitution of the State of New York, but rather, that the Rights of an Individual Citizen of the State of New York are Rights Endowed by our Creator, or Natural Rights, which exist inherently in every person, and are merely reaffirmed in the Constitution?

18.    Do you admit that the Constitution of the State of New York must not be construed to mean one thing at one time, and another thing, at some subsequent time, for example, that Article I Section 9 of the Constitution of the State of New York, the original intent of which is to secure, and protect the People of the State of

New York from "Easy", and/or, Capricious, and/or, Arbitrary, and/or, Unlawful Arrest and Imprisonment, in advance of any such arrest and imprisonment, must not be construed to mean that the People of the State can Peaceably Assemble on the Streets of New York City in the time before and/or after a major political convention is taking place within the city, but not DURING, the time that such a convention is taking place.

19.   Do you admit that it is a truism of American Jurisprudence, that when there is a conflict between the enforcement of statutes, rules, or code sections, ( such as New York Penal Code Section 240.20 (5) & 240.20 (6) ), and the exercise of a Constitutionally Protected Right, ( such as the Right of the People Peaceably to Assemble, as enumerated at Article I, Section 9 of the Constitution of the State of New York ), that the former must give way, and the Constitutional Rights of the People of the State of New York, must be protected from all encroachment, regardless of whether

the encroachment, and/or, intrusion, and/or, obstruc-
tion, and/or, abridgement, and/or, abrogation, and/or,
derogation, and/or interference with Constitutionally
Protected Activity, be governmental, or be it non-
governmental?

Answer:


20.  Do you admit that even if it were true, that the
Plaintiff had the intention of "blocking pedestrian
traffic", and/or, "causing pedestrians to walk in an
active street", on August 31st, 2004, as was alleged in
the complaint filed in connection with the subject case
against the Plaintiff, that the Plaintiff's conduct
would still constitute Constitutionally Protected Ac-
tivity, if he ALSO had the DUEL INTENTION, of exercis-
ing a constitutionally protected right, in particular,
his unalienable right peaceably to assemble, and there-
fore, his arrest, and imprisonment on August 31st,
2004, was a violation of the Plaintiff's Constitution-
ally Protected Rights?

Answer:

21.  Do you admit that any public official of the State of New York, who commits an act that is beyond the delegated powers of his State Public Office, and by doing so, violates the Unalienable, a.k.a. Constitutional Rights of a holder of the Inherent Political Power of the State of New York, proceeds in his/her personal capacity and not in his/her official capacity, for want of official authority in the gift of the people to violate any of the People's Unalienable, a.k.a. Constitutional Rights, secured and protected ( NOT GRANTED ) by the Constitution of the United States, and by the Constitution of the State of New York, or to commit acts of criminal fraud against a holder of the Inherent Political Power, and/or to falsify records fraudulently alleging criminal charges or violation of law, and/or, to obstruct justice under color of statute / under color of his/her public office / under color of law,

and/or, to commit acts of misconduct in office, and therefore, that public official would be without the privilege of official, and/or, absolute, and/or, qualified immunity, since he/she would have proceeded in complete absence of subject-matter jurisdiction, and in complete absence of any and all, legitimate, official authority whatsoever, hence, no protection under the Immunity Doctrine, may be invoked for his or her benefit, no matter how liberally such doctrine may be construed?

Answer:


Submitted with all due respect this 1st day of October, 2006.



Joseph Carranza
P.O. Box 575060
Whitestone, NY
11357-5060

Exhibit C

UNITED STATES DISTRICT COURT                          **PAGE 1 OF 15**
SOUTHERN DISTRICT OF NEW YORK

————————————————————————--X

JOSEPH P. CARRANZA

                    Plaintiff,

        -against-

                                              **05 CV 10010  (KMK)**

**THE CITY OF NEW YORK**, a municipal entity,
**MICHAEL BLOOMBERG**, Mayor of the City of New York,
**RAYMOND KELLY**, New York City Police Commissioner,
**THE NEW YORK CITY POLICE DEPARTMENT**,
**PAUL J. BROWNE**, Chief Spokesman for the
New York City Police Department,
**JOSEPH ESPOSITO**, Chief of Department
New York City Police Department,
**THOMAS GRAHAM**, Commander of Disorder Control Unit
New York City Police Department,
**BRUCE SMOLKA**, Assistant Chief, Patrol Borough Manhattan South
New York City Police Department,
**JOHN J. COLGAN**, Deputy Chief & Commanding Officer, Pier 57
NEW YORK CITY POLICE OFFICERS:
**MARK MOCCIA**, SHIELD # 21176 47 PRECINCT,
**MARTIN TOCZEK**, SHEILD # 27487 47 PRECINCT,
**HOLLY AGAJANIAN**, Assistant District Attorney,
New York County District Attorney's Office

                    Defendants.

————————————————————————--X

## NOTICE AND REQUEST FOR ADMISSIONS
## AND NOTICE AND REQUEST TO PRODUCE DOCUMENTS
## ( First Set Presented to PAUL J. BROWNE_)


Please take notice that the Plaintiff, Joseph Carranza, herein-

after, Plaintiff, proceeding pro se, hereby, pursuant to Discov-

ery Rights as a holder of the inherent political power of this

American Nation, and the Federal Rules of Civil Proce-
dure, serves upon Defendant **PAUL J. BROWNE**, the follow-
ing Request for Admissions. Please answer  each ques-
tion as either "Admitted", or "Denied". For any ques-
tion you deny, please provide an answer in rebuttal
which expressly and relevantly addresses the subject/
issue raised in the question, and when the subject/
issue pertains to a political law fact, a.k.a. consti-
tutional law fact, or other law fact, then said answer
in traverse/rebuttal, must be verifiable in law. For
answers intended to traverse a question addressing a
political law, constitutional law, or other law fact,
that is being denied, that does not expressly and rele-
vantly address the subject/issue raised by the ques-
tion, or if the answer is not verifiable as either a
political law, constitutional law, or other law fact,
as the case may be, then said question either must be
deemed admitted, or, alternatively, as an intentional
act of criminal fraud by and through employment of si-
lence and/or evasion to the question.

Defendant's answers to these Requests for Admissions, when completed and all supporting documentation, should be mailed to the Plaintiff, Joseph Carranza, P.O. Box 575060, Whitestone, NY, 11357-5060.

Thank you for your cooperation.

Plaintiff's Requests for Admissions, are as follows:

1.  Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a matter of fundamental political law fact?

Answer:

2.  Do you admit that pursuant to the foregoing admissions question, that the People of the State of New York alone, have the power to create, alter, or abolish

their State Government?

Answer:


3.  Do you admit that pursuant to the foregoing admissions questions numbers 1, and 2, that the Government of the State of New York is styled as "The State of New York", but on no occasion can the Government of the State of New York be recognized as actually being the State of New York, inasmuch as only the People of the State of New York, are the State of New York?

Answer:


4.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, and 3, that the written Constitution of the State of New York, is a Political Trust Deed, ratified by the People for the sole benefit of the People of the State of New York, who are deemed State Political Trustors, and also, the beneficiaries of a State Political Trust, which Trust is evidenced by

said written and ratified Constitution of the State of New York?

Answer:


5.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, and 4, that all valid Constitutional Doctrines, rest Inherently, and therefore, entirely, in the hands of the People of the State of New York, because the People of the State of New York are the Holders of the Inherent Political Power of the State of New York?

Answer:


6.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, and 5, that every State Government Official, receives his/her official authority, from the People of the State of New York, and that said official authority, therefore, is delegated to him/her, from the People of the State of New

York, who hold all Political Authority?

Answer:


7.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, and 6, that you, defendant, **PAUL J. BROWNE,** are a State of New York Political Trustee, having official authority as Chief Spokesman for the NYC Police Dept., but only when performing official duties of your office pursuant to the written Constitution of the State of New York, and Constitutionally authorized statutes which expressly define the limitations of that exercise?

Answer:


8.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, 6, and 7, that every State Government Official, is subject to having his/her individual presumptions of official authority challenged in individual instances of his exercise of

said authority and that when so challenged, the burden is on said Official, to prove his/her Official Authority in an instant matter, or case, by a substantive tracing of his/her delegation of said authority by the People of the State of New York, to him/her, with verifiable law facts which are expressly relevant to the specific exercise of official authority, instantly being challenged?

Answer:


9.  Do you admit that the People of the State of New York have an Unwritten State Constitution, wherein are found their Inherent Political Powers and Rights, which can neither be derogated or abrogated?

Answer:


10.  Do you admit that the written Constitution of the State of New York, is comprised of two major sub-parts, namely, (1) A Declaration of Rights Part, ( Bill of

Rights Article ) wherein the People of the State of New York enumerate some of their Unalienable, a.k.a. Natural, a.k.a. Constitutional Rights found in their Unwritten State Constitution, whereas other said Rights, are not enumerated, but remain no less inviolate, and (2) A Declaration of Powers Part, in which the People of the State of New York create and define the offices of their State Government, and express the delegated powers of those State Offices?

Answer:


11.  Pursuant to the foregoing admissions question, do you admit that the primary purpose for which the government of the State of New York, a.k.a., The People's Servant Government, was instituted, is to secure, defend, vindicate, and protect from all encroachment, be that encroachment governmental, or non-governmental, the immunities, protections, privileges, and rights, which are enumerated in the Bill of Rights Section of the Constitution of the State of New York?

12.   Do you admit that when the Rights of the People
are involved, the statements contained within the Dec-
laration of Rights section of the Constitution of the
State of New York, must be "Liberally Construed", that
is, that ALL of the Rights of the People are not stated
within the foregoing section of the constitution, and
that there are many other immunities, protections,
privileges, and rights which are not expressly stated,
and yet, these too, must be included as being among the
Rights of the People?


13.   Do you admit that when the Powers of a particular
Government Official/Officer are involved, the official
duties, authority, and powers of that Official/Officer,
MUST NOT be "Liberally Construed", that is, Officials/
Officers serving in the People's Servant Government,
have only those delegated powers which are clearly, un-
ambiguously, and expressly stated in the Constitution?

14.  Do you admit that it is a fundamental principle of American Jurisprudence, that when an individual is accused of a violation of criminal law, the burden of proving that said individual committed such violation, rests on the accuser?

Answer:



15.  Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also sometimes described as departments?

Answer:



16.  Do you admit that as a matter of fundamental political principle of our uniquely American system of governance, that no official in the government of the State of New York, can be said to have the official, hence, lawful, hence, Constitutional Authority, to vio-

late the Unalienable, a.k.a., Natural, a.k.a., Consti-
tutional Rights of the People of the State of New York?
Answer:


17.   Do you admit that the Rights of an Individual
Citizen of the State of New York, are not derived from
governmental agencies, either municipal, state, federal
or other, or even from the Constitution of the State of
New York, but rather, that the Rights of an Individual
Citizen of the State of New York are Rights Endowed by
our Creator, or Natural Rights, which exist inherently
in every person, and are merely reaffirmed in the Con-
stitution?


18.   Do you admit that the Constitution of the State of
New York must not be construed to mean one thing at one
time, and another thing, at some subsequent time, for
example, that Article I Section 9 of the Constitution
of the State of New York, the original intent of which
is to secure, and protect the People of the State of

New York from "Easy", and/or, Capricious, and/or, Arbi-
trary, and/or, Unlawful Arrest and Imprisonment, in ad-
vance of any such arrest and imprisonment, must not be
construed to mean that the People of the State can
Peaceably Assemble on the Streets of New York City in
the time before and/or after a major political conven-
tion is taking place within the city, but not DURING,
the time that such a convention is taking place.


19.  Do you admit that it is a truism of American Ju-
risprudence, that when there is a conflict between the
enforcement of statutes, rules, or code sections,
( such as New York Penal Code Section 240.20 (5) &
240.20 (6) ), and the exercise of a Constitutionally
Protected Right, ( such as the Right of the People
Peaceably to Assemble, as enumerated at Article I, Sec-
tion 9 of the Constitution of the State of New York ),
that the former must give way, and the Constitutional
Rights of the People of the State of New York, must be
protected from all encroachment, regardless of whether

the encroachment, and/or, intrusion, and/or, obstruc-
tion, and/or, abridgement, and/or, abrogation, and/or,
derogation, and/or interference with Constitutionally
Protected Activity, be governmental, or be it non-
governmental?

Answer:


20.  Do you admit that even if it were true, that the
Plaintiff had the intention of "blocking pedestrian
traffic", and/or, "causing pedestrians to walk in an
active street", on August 31st, 2004, as was alleged in
the complaint filed in connection with the subject case
against the Plaintiff, that the Plaintiff's conduct
would still constitute Constitutionally Protected Ac-
tivity, if he ALSO had the DUEL INTENTION, of exercis-
ing a constitutionally protected right, in particular,
his unalienable right peaceably to assemble, and there-
fore, his arrest, and imprisonment on August 31st,
2004, was a violation of the Plaintiff's Constitution-
ally Protected Rights?

Answer:

21.  Do you admit that any public official of the State of New York, who commits an act that is beyond the delegated powers of his State Public Office, and by doing so, violates the Unalienable, a.k.a. Constitutional Rights of a holder of the Inherent Political Power of the State of New York, proceeds in his/her personal capacity and not in his/her official capacity, for want of official authority in the gift of the people to violate any of the People's Unalienable, a.k.a. Constitutional Rights, secured and protected ( NOT GRANTED ) by the Constitution of the United States, and by the Constitution of the State of New York, or to commit acts of criminal fraud against a holder of the Inherent Political Power, and/or to falsify records fraudulently alleging criminal charges or violation of law, and/or, to obstruct justice under color of statute / under color of his/her public office / under color of law,

and/or, to commit acts of misconduct in office, and therefore, that public official would be without the privilege of official, and/or, absolute, and/or, qualified immunity, since he/she would have proceeded in complete absence of subject-matter jurisdiction, and in complete absence of any and all, legitimate, official authority whatsoever, hence, no protection under the Immunity Doctrine, may be invoked for his or her benefit, no matter how liberally such doctrine may be construed?

Answer:


Submitted with all due respect this 1st day of October, 2006.


Joseph Carranza
P.O. Box 575060
Whitestone, NY
11357-5060

Exhibit D

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
————————————————————————————————————————————————————-X
```

JOSEPH P. CARRANZA

                         Plaintiff,

      -against-

                                                        05 CV 10010  (KMK)

THE CITY OF NEW YORK, a municipal entity,
MICHAEL BLOOMBERG, Mayor of the City of New York,
RAYMOND KELLY, New York City Police Commissioner,
THE NEW YORK CITY POLICE DEPARTMENT,
PAUL J. BROWNE, Chief Spokesman for the
New York City Police Department,
JOSEPH ESPOSITO, Chief of Department
New York City Police Department,
THOMAS GRAHAM, Commander of Disorder Control Unit
New York City Police Department,
BRUCE SMOLKA, Assistant Chief, Patrol Borough Manhattan South
New York City Police Department,
JOHN J. COLGAN, Deputy Chief & Commanding Officer, Pier 57
NEW YORK CITY POLICE OFFICERS:
MARK MOCCIA, SHIELD # 21176 47 PRECINCT,
MARTIN TOCZEK, SHEILD # 27487 47 PRECINCT,
HOLLY AGAJANIAN, Assistant District Attorney,
New York County District Attorney's Office

                         Defendants.
```
————————————————————————————————————————-X
```

## NOTICE AND REQUEST FOR ADMISSIONS
## AND NOTICE AND REQUEST TO PRODUCE DOCUMENTS
## ( First Set Presented to JOSEPH ESPOSITO_)


Please take notice that the Plaintiff, Joseph Carranza, herein-

after, Plaintiff, proceeding pro se, hereby, pursuant to Discov-

ery Rights as a holder of the inherent political power of this

American Nation, and the Federal Rules of Civil Proce-dure, serves upon Defendant **JOSEPH ESPOSITO**, the fol-lowing Request for Admissions. Please answer each question as either "Admitted", or "Denied". For any question you deny, please provide an answer in rebuttal which expressly and relevantly addresses the subject/issue raised in the question, and when the subject/issue pertains to a political law fact, a.k.a. consti-tutional law fact, or other law fact, then said answer in traverse/rebuttal, must be verifiable in law. For answers intended to traverse a question addressing a political law, constitutional law, or other law fact, that is being denied, that does not expressly and rele-vantly address the subject/issue raised by the ques-tion, or if the answer is not verifiable as either a political law, constitutional law, or other law fact, as the case may be, then said question either must be deemed admitted, or, alternatively, as an intentional act of criminal fraud by and through employment of si-lence and/or evasion to the question.

Defendant's answers to these Requests for Admissions, when completed and all supporting documentation, should be mailed to the Plaintiff, Joseph Carranza, P.O. Box 575060, Whitestone, NY, 11357-5060.


Thank you for your cooperation.


Plaintiff's Requests for Admissions, are as follows:


1.   Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a matter of fundamental political law fact?

Answer:


2.   Do you admit that pursuant to the foregoing admissions question, that the People of the State of New York alone, have the power to create, alter, or abolish

their State Government?

Answer:


3.   Do you admit that pursuant to the foregoing admis-sions questions numbers 1, and 2, that the Government of the State of New York is styled as "The State of New York", but on no occasion can the Government of the State of New York be recognized as actually being the State of New York, inasmuch as only the People of the State of New York, are the State of New York?

Answer:


4.   Do you admit that pursuant to the foregoing admis-sions questions numbers 1, 2, and 3, that the written Constitution of the State of New York, is a Political Trust Deed, ratified by the People for the sole benefit of the People of the State of New York, who are deemed State Political Trustors, and also, the beneficiaries of a State Political Trust, which Trust is evidenced by

said written and ratified Constitution of the State of New York?

Answer:



5.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, and 4, that all valid Constitutional Doctrines, rest Inherently, and therefore, entirely, in the hands of the People of the State of New York, because the People of the State of New York are the Holders of the Inherent Political Power of the State of New York?

Answer:



6.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, and 5, that every State Government Official, receives his/her official authority, from the People of the State of New York, and that said official authority, therefore, is delegated to him/her, from the People of the State of New

York, who hold all Political Authority?

Answer:


7.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, and 6, that you, defendant, **JOSEPH ESPOSITO**, are a State of New York Political Trustee, having official authority as Chief of Department, NYC Police Department, but only when performing official duties of your office pursuant to the written Constitution of the State of New York, and Constitutionally authorized statutes which expressly define the limitations of that exercise?

Answer:


8.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, 6, and 7, that every State Government Official, is subject to having his/her individual presumptions of official authority challenged in individual instances of his exercise of

said authority and that when so challenged, the burden is on said Official, to prove his/her Official Authority in an instant matter, or case, by a substantive tracing of his/her delegation of said authority by the People of the State of New York, to him/her, with verifiable law facts which are expressly relevant to the specific exercise of official authority, instantly being challenged?

Answer:


9.  Do you admit that the People of the State of New York have an Unwritten State Constitution, wherein are found their Inherent Political Powers and Rights, which can neither be derogated or abrogated?

Answer:


10.  Do you admit that the written Constitution of the State of New York, is comprised of two major sub-parts, namely, (1) A Declaration of Rights Part, ( Bill of

Rights Article ) wherein the People of the State of New York enumerate some of their Unalienable, a.k.a. Natural, a.k.a. Constitutional Rights found in their Unwritten State Constitution, whereas other said Rights, are not enumerated, but remain no less inviolate, and (2) A Declaration of Powers Part, in which the People of the State of New York create and define the offices of their State Government, and express the delegated powers of those State Offices?

Answer:


11.  Pursuant to the foregoing admissions question, do you admit that the primary purpose for which the government of the State of New York, a.k.a., The People's Servant Government, was instituted, is to secure, defend, vindicate, and protect from all encroachment, be that encroachment governmental, or non-governmental, the immunities, protections, privileges, and rights, which are enumerated in the Bill of Rights Section of the Constitution of the State of New York?

12.    Do you admit that when the Rights of the People are involved, the statements contained within the Declaration of Rights section of the Constitution of the State of New York, must be "Liberally Construed", that is, that ALL of the Rights of the People are not stated within the foregoing section of the constitution, and that there are many other immunities, protections, privileges, and rights which are not expressly stated, and yet, these too, must be included as being among the Rights of the People?


13.    Do you admit that when the Powers of a particular Government Official/Officer are involved, the official duties, authority, and powers of that Official/Officer, MUST NOT be "Liberally Construed", that is, Officials/ Officers serving in the People's Servant Government, have only those delegated powers which are clearly, unambiguously, and expressly stated in the Constitution?

14.  Do you admit that it is a fundamental principle of American Jurisprudence, that when an individual is accused of a violation of criminal law, the burden of proving that said individual committed such violation, rests on the accuser?

Answer:


15.  Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also sometimes described as departments?

Answer:


16.  Do you admit that as a matter of fundamental political principle of our uniquely American system of governance, that no official in the government of the State of New York, can be said to have the official, hence, lawful, hence, Constitutional Authority, to vio-

late the Unalienable, a.k.a., Natural, a.k.a., Consti-

tutional Rights of the People of the State of New York?

Answer:


17.   Do you admit that the Rights of an Individual

Citizen of the State of New York, are not derived from

governmental agencies, either municipal, state, federal

or other, or even from the Constitution of the State of

New York, but rather, that the Rights of an Individual

Citizen of the State of New York are Rights Endowed by

our Creator, or Natural Rights, which exist inherently

in every person, and are merely reaffirmed in the Con-

stitution?


18.   Do you admit that the Constitution of the State of

New York must not be construed to mean one thing at one

time, and another thing, at some subsequent time, for

example, that Article I Section 9 of the Constitution

of the State of New York, the original intent of which

is to secure, and protect the People of the State of

New York from "Easy", and/or, Capricious, and/or, Arbi-
trary, and/or, Unlawful Arrest and Imprisonment, in ad-
vance of any such arrest and imprisonment, must not be
construed to mean that the People of the State can
Peaceably Assemble on the Streets of New York City in
the time before and/or after a major political conven-
tion is taking place within the city, but not DURING,
the time that such a convention is taking place.


19.  Do you admit that it is a truism of American Ju-
risprudence, that when there is a conflict between the
enforcement of statutes, rules, or code sections,
( such as New York Penal Code Section 240.20 (5) &
240.20 (6) ), and the exercise of a Constitutionally
Protected Right, ( such as the Right of the People
Peaceably to Assemble, as enumerated at Article I, Sec-
tion 9 of the Constitution of the State of New York ),
that the former must give way, and the Constitutional
Rights of the People of the State of New York, must be
protected from all encroachment, regardless of whether

the encroachment, and/or, intrusion, and/or, obstruc-
tion, and/or, abridgement, and/or, abrogation, and/or,
derogation, and/or interference with Constitutionally
Protected Activity, be governmental, or be it non-
governmental?

Answer:


20.  Do you admit that even if it were true, that the
Plaintiff had the intention of "blocking pedestrian
traffic", and/or, "causing pedestrians to walk in an
active street", on August 31st, 2004, as was alleged in
the complaint filed in connection with the subject case
against the Plaintiff, that the Plaintiff's conduct
would still constitute Constitutionally Protected Ac-
tivity, if he ALSO had the DUEL INTENTION, of exercis-
ing a constitutionally protected right, in particular,
his unalienable right peaceably to assemble, and there-
fore, his arrest, and imprisonment on August 31st,
2004, was a violation of the Plaintiff's Constitution-
ally Protected Rights?

Answer:

21.  Do you admit that any public official of the State of New York, who commits an act that is beyond the delegated powers of his State Public Office, and by doing so, violates the Unalienable, a.k.a. Constitutional Rights of a holder of the Inherent Political Power of the State of New York, proceeds in his/her personal capacity and not in his/her official capacity, for want of official authority in the gift of the people to violate any of the People's Unalienable, a.k.a. Constitutional Rights, secured and protected ( NOT GRANTED ) by the Constitution of the United States, and by the Constitution of the State of New York, or to commit acts of criminal fraud against a holder of the Inherent Political Power, and/or to falsify records fraudulently alleging criminal charges or violation of law, and/or, to obstruct justice under color of statute / under color of his/her public office / under color of law,

and/or, to commit acts of misconduct in office, and therefore, that public official would be without the privilege of official, and/or, absolute, and/or, qualified immunity, since he/she would have proceeded in complete absence of subject-matter jurisdiction, and in complete absence of any and all, legitimate, official authority whatsoever, hence, no protection under the Immunity Doctrine, may be invoked for his or her benefit, no matter how liberally such doctrine may be construed?

Answer:


Submitted with all due respect this 1st day of October, 2006.


Joseph Carranza
P.O. Box 575060
Whitestone, NY
11357-5060