# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————————————--X

**JOSEPH P. CARRANZA**

                          Plaintiff,

       -against-

                                                              05 CV 10010  (KMK)

**THE CITY OF NEW YORK**, a municipal entity,
**MICHAEL BLOOMBERG**, Mayor of the City of New York,
**RAYMOND KELLY**, New York City Police Commissioner,
**THE NEW YORK CITY POLICE DEPARTMENT**,
**PAUL J. BROWNE**, Chief Spokesman for the
New York City Police Department,
**JOSEPH ESPOSITO**, Chief of Department
New York City Police Department,
**THOMAS GRAHAM**, Commander of Disorder Control Unit
New York City Police Department,
**BRUCE SMOLKA**, Assistant Chief, Patrol Borough Manhattan South
New York City Police Department,
**JOHN J. COLGAN**, Deputy Chief & Commanding Officer, Pier 57
NEW YORK CITY POLICE OFFICERS,
**MARK MOCCIA**, SHIELD # 21176 47 PRECINCT,
**MARTIN TOCZEK**, SHEILD # 27487 47 PRECINCT,
**HOLLY AGAJANIAN**, Assistant District Attorney,
New York County District Attorney's Office

                          Defendants.

————————————————————————————————————--X

## NOTICE AND REQUEST FOR ADMISSIONS
## AND NOTICE AND REQUEST TO PRODUCE DOCUMENTS
## ( First Set Presented to THOMAS GRAHAM_ )

Please take notice that the Plaintiff, Joseph Carranza, herein-
after, Plaintiff, proceeding pro se, hereby, pursuant to Discov-
ery Rights as a holder of the inherent political power of this

American Nation, and the Federal Rules of Civil Proce-
dure, serves upon Defendant **THOMAS GRAHAM**, the follow-
ing Request for Admissions. Please answer each ques-
tion as either "Admitted", or "Denied". For any ques-
tion you deny, please provide an answer in rebuttal
which expressly and relevantly addresses the subject/
issue raised in the question, and when the subject/
issue pertains to a political law fact, a.k.a. consti-
tutional law fact, or other law fact, then said answer
in traverse/rebuttal, must be verifiable in law. For
answers intended to traverse a question addressing a
political law, constitutional law, or other law fact,
that is being denied, that does not expressly and rele-
vantly address the subject/issue raised by the ques-
tion, or if the answer is not verifiable as either a
political law, constitutional law, or other law fact,
as the case may be, then said question either must be
deemed admitted, or, alternatively, as an intentional
act of criminal fraud by and through employment of si-
lence and/or evasion to the question.

Defendant's answers to these Requests for Admissions, when completed and all supporting documentation, should be mailed to the Plaintiff, Joseph Carranza, P.O. Box 575060, Whitestone, NY, 11357-5060.

Thank you for your cooperation.

Plaintiff's Requests for Admissions, are as follows:

1.    Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a matter of fundamental political law fact?

Answer:

2.    Do you admit that pursuant to the foregoing admissions question, that the People of the State of New York alone, have the power to create, alter, or abolish

their State Government?

Answer:


3.   Do you admit that pursuant to the foregoing admissions questions numbers 1, and 2, that the Government of the State of New York is styled as "The State of New York", but on no occasion can the Government of the State of New York be recognized as actually being the State of New York, inasmuch as only the People of the State of New York, are the State of New York?

Answer:


4.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, and 3, that the written Constitution of the State of New York, is a Political Trust Deed, ratified by the People for the sole benefit of the People of the State of New York, who are deemed State Political Trustors, and also, the beneficiaries of a State Political Trust, which Trust is evidenced by

said written and ratified Constitution of the State of New York?

Answer:


5.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, and 4, that all valid Constitutional Doctrines, rest Inherently, and therefore, entirely, in the hands of the People of the State of New York, because the People of the State of New York are the Holders of the Inherent Political Power of the State of New York?

Answer:


6.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, and 5, that every State Government Official, receives his/her official authority, from the People of the State of New York, and that said official authority, therefore, is delegated to him/her, from the People of the State of New

York, who hold all Political Authority?

Answer:


7.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, and 6, that you, defendant, **THOMAS GRAHAM**, are a State of New York Political Trustee, having official authority as Commander of Disorder Control Unit, NYC Police Department, but only when performing official duties of your office pursuant to the written Constitution of the State of New York, and Constitutionally authorized statutes which expressly define the limitations of that exercise?

Answer:


8.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, 6, and 7, that every State Government Official, is subject to having his/her individual presumptions of official authority

challenged in individual instances of his exercise of said authority and that when so challenged, the burden is on said Official, to prove his/her Official Authority in an instant matter, or case, by a substantive tracing of his/her delegation of said authority by the People of the State of New York, to him/her, with verifiable law facts which are expressly relevant to the specific exercise of official authority, instantly being challenged?

Answer:

9.    Do you admit that the People of the State of New York have an Unwritten State Constitution, wherein are found their Inherent Political Powers and Rights, which can neither be derogated or abrogated?

Answer:

10.    Do you admit that the written Constitution of the State of New York, is comprised of two major sub-parts,

namely, (1) A Declaration of Rights Part, ( Bill of Rights Article ) wherein the People of the State of New York enumerate some of their Unalienable, a.k.a. Natural, a.k.a. Constitutional Rights found in their Unwritten State Constitution, whereas other said Rights, are not enumerated, but remain no less inviolate, and (2) A Declaration of Powers Part, in which the People of the State of New York create and define the offices of their State Government, and express the delegated powers of those State Offices?

Answer:


11.  Pursuant to the foregoing admissions question, do you admit that the primary purpose for which the government of the State of New York, a.k.a., The People's Servant Government, was instituted, is to secure, defend, vindicate, and protect from all encroachment, be that encroachment governmental, or non-governmental, the immunities, protections, privileges, and rights, which are enumerated in the Bill of Rights Section of

the Constitution of the State of New York?

12.   Do you admit that when the Rights of the People are involved, the statements contained within the Declaration of Rights section of the Constitution of the State of New York, must be "Liberally Construed", that is, that ALL of the Rights of the People are not stated within the foregoing section of the constitution, and that there are many other immunities, protections, privileges, and rights which are not expressly stated, and yet, these too, must be included as being among the Rights of the People?

13.   Do you admit that when the Powers of a particular Government Official/Officer are involved, the official duties, authority, and powers of that Official/Officer, MUST NOT be "Liberally Construed", that is, Officials/Officers serving in the People's Servant Government, have only those delegated powers which are clearly, unambiguously, and expressly stated in the Constitution?

14.   Do you admit that it is a fundamental principle of American Jurisprudence, that when an individual is accused of a violation of criminal law, the burden of proving that said individual committed such violation, rests on the accuser?

Answer:


15.   Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also sometimes described as departments?

Answer:


16.   Do you admit that as a matter of fundamental political principle of our uniquely American system of governance, that no official in the government of the State of New York, can be said to have the official,

hence, lawful, hence, Constitutional Authority, to vio-
late the Unalienable, a.k.a., Natural, a.k.a., Consti-
tutional Rights of the People of the State of New York?
Answer:


17.    Do  you  admit  that  the  Rights  of  an  Individual
Citizen  of  the  State  of  New  York,  are  not  derived  from
governmental  agencies,  either  municipal,  state,  federal
or other,  or even  from  the Constitution  of  the  State  of
New  York,  but  rather,  that  the  Rights  of  an  Individual
Citizen  of  the  State  of  New  York  are  Rights  Endowed  by
our  Creator,  or  Natural  Rights,  which  exist  inherently
in  every  person,  and  are  merely  reaffirmed  in  the  Con-
stitution?


18.  Do  you  admit  that  the  Constitution  of  the  State  of
New  York  must  not  be  construed  to  mean  one  thing  at  one
time,  and  another  thing,  at  some  subsequent  time,  for
example,  that  Article  I  Section  9  of  the  Constitution
of  the  State  of  New  York,  the  original  intent  of  which

is to secure, and protect the People of the State of New York from "Easy", and/or, Capricious, and/or, Arbitrary, and/or, Unlawful Arrest and Imprisonment, in advance of any such arrest and imprisonment, must not be construed to mean that the People of the State can Peaceably Assemble on the Streets of New York City in the time before and/or after a major political convention is taking place within the city, but not DURING, the time that such a convention is taking place.

19.  Do you admit that it is a truism of American Jurisprudence, that when there is a conflict between the enforcement of statutes, rules, or code sections, ( such as New York Penal Code Section 240.20 (5) & 240.20 (6) ), and the exercise of a Constitutionally Protected Right, ( such as the Right of the People Peaceably to Assemble, as enumerated at Article I, Section 9 of the Constitution of the State of New York ), that the former must give way, and the Constitutional Rights of the People of the State of New York, must be

protected from all encroachment, regardless of whether the encroachment, and/or, intrusion, and/or, obstruction, and/or, abridgement, and/or, abrogation, and/or, derogation, and/or interference with Constitutionally Protected Activity, be governmental, or be it non-governmental?

Answer:


20.  Do you admit that even if it were true, that the Plaintiff had the intention of "blocking pedestrian traffic", and/or, "causing pedestrians to walk in an active street", on August 31st, 2004, as was alleged in the complaint filed in connection with the subject case against the Plaintiff, that the Plaintiff's conduct would still constitute Constitutionally Protected Activity, if he ALSO had the DUEL INTENTION, of exercising a constitutionally protected right, in particular, his unalienable right peaceably to assemble, and therefore, his arrest, and imprisonment on August 31st, 2004, was a violation of the Plaintiff's Constitution-

ally Protected Rights?

Answer:

21.  Do you admit that any public official of the State
of New York, who commits an act that is beyond the
delegated powers of his State Public Office, and by do-
ing so, violates the Unalienable, a.k.a. Constitutional
Rights of a holder of the Inherent Political Power of
the State of New York, proceeds in his/her personal ca-
pacity and not in his/her official capacity, for want
of official authority in the gift of the people to vio-
late any of the People's Unalienable, a.k.a. Constitu-
tional Rights, secured and protected ( NOT GRANTED ) by
the Constitution of the United States, and by the Con-
stitution of the State of New York, or to commit acts
of criminal fraud against a holder of the Inherent Po-
litical Power, and/or to falsify records fraudulently
alleging criminal charges or violation of law, and/or,
to obstruct justice under color of statute / under

color of his/her public office / under color of law, and/or, to commit acts of misconduct in office, and therefore, that public official would be without the privilege of official, and/or, absolute, and/or, qualified immunity, since he/she would have proceeded in complete absence of subject-matter jurisdiction, and in complete absence of any and all, legitimate, official authority whatsoever, hence, no protection under the Immunity Doctrine, may be invoked for his or her benefit, no matter how liberally such doctrine may be construed?

Answer:


Submitted with all due respect this 1st day of October, 2006.


Joseph Carranza
P.O. Box 575060
Whitestone, NY
11357-5060

Exhibit F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------X

JOSEPH P. CARRANZA

                    Plaintiff,

    -against-
                                                05 CV 10010  (KMK)

**THE CITY OF NEW YORK**, a municipal entity,
**MICHAEL BLOOMBERG**, Mayor of the City of New York,
**RAYMOND KELLY**, New York City Police Commissioner,
**THE NEW YORK CITY POLICE DEPARTMENT**,
**PAUL J. BROWNE**, Chief Spokesman for the
New York City Police Department,
**JOSEPH ESPOSITO**, Chief of Department
New York City Police Department,
**THOMAS GRAHAM**, Commander of Disorder Control Unit
New York City Police Department,
**BRUCE SMOLKA**, Assistant Chief, Patrol Borough Manhattan South
New York City Police Department,
**JOHN J. COLGAN**, Deputy Chief & Commanding Officer, Pier 57
NEW YORK CITY POLICE OFFICERS:
**MARK MOCCIA**, SHIELD # 21176 47 PRECINCT,
**MARTIN TOCZEK**, SHEILD # 27487 47 PRECINCT,
**HOLLY AGAJANIAN**, Assistant District Attorney,
New York County District Attorney's Office

                    Defendants.

-----------------------------------------------X

## NOTICE AND REQUEST FOR ADMISSIONS
## AND NOTICE AND REQUEST TO PRODUCE DOCUMENTS
## ( First Set Presented to BRUCE SMOLKA_)

Please take notice that the Plaintiff, Joseph Carranza, herein-
after, Plaintiff, proceeding pro se, hereby, pursuant to Discov-
ery Rights as a holder of the inherent political power of this

American Nation, and the Federal Rules of Civil Proce-
dure, serves upon Defendant **BRUCE SMOLKA**, the following
Request for Admissions. Please answer each question as
either "Admitted", or "Denied". For any question you
deny, please provide an answer in rebuttal which ex-
pressly and relevantly addresses the subject/issue
raised in the question, and when the subject/issue per-
tains to a political law fact, a.k.a. constitutional
law fact, or other law fact, then said answer in trav-
erse/rebuttal, must be verifiable in law. For answers
intended to traverse a question addressing a political
law, constitutional law, or other law fact, that is be-
ing denied, that does not expressly and relevantly ad-
dress the subject/issue raised by the question, or if
the answer is not verifiable as either a political law,
constitutional law, or other law fact, as the case may
be, then said question either must be deemed admitted,
or, alternatively, as an intentional act of criminal
fraud by and through employment of silence and/or eva-
sion to the question.

Defendant's answers to these Requests for Admissions, when completed and all supporting documentation, should be mailed to the Plaintiff, Joseph Carranza, P.O. Box 575060, Whitestone, NY, 11357-5060.

Thank you for your cooperation.

Plaintiff's Requests for Admissions, are as follows:

1.   Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a matter of fundamental political law fact?

Answer:

2.   Do you admit that pursuant to the foregoing admissions question, that the People of the State of New York alone, have the power to create, alter, or abolish

their State Government?

Answer:


3.   Do you admit that pursuant to the foregoing admissions questions numbers 1, and 2, that the Government of the State of New York is styled as "The State of New York", but on no occasion can the Government of the State of New York be recognized as actually being the State of New York, inasmuch as only the People of the State of New York, are the State of New York?

Answer:


4.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, and 3, that the written Constitution of the State of New York, is a Political Trust Deed, ratified by the People for the sole benefit of the People of the State of New York, who are deemed State Political Trustors, and also, the beneficiaries of a State Political Trust, which Trust is evidenced by

said written and ratified Constitution of the State of New York?

Answer:


5.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, and 4, that all valid Constitutional Doctrines, rest Inherently, and therefore, entirely, in the hands of the People of the State of New York, because the People of the State of New York are the Holders of the Inherent Political Power of the State of New York?

Answer:


6.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, and 5, that every State Government Official, receives his/her official authority, from the People of the State of New York, and that said official authority, therefore, is delegated to him/her, from the People of the State of New

York, who hold all Political Authority?

Answer:


7.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, and 6, that you, defendant, **BRUCE SMOLKA**, are a State of New York Political Trustee, having official authority as Assistant Chief, Patrol Borough Manhattan South, NYC Police Department, but only when performing official duties of your office pursuant to the written Constitution of the State of New York, and Constitutionally authorized statutes which expressly define the limitations of that exercise?

Answer:


8.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, 6, and 7, that every State Government Official, is subject to having his/her individual presumptions of official authority

challenged in individual instances of his exercise of said authority and that when so challenged, the burden is on said Official, to prove his/her Official Authority in an instant matter, or case, by a substantive tracing of his/her delegation of said authority by the People of the State of New York, to him/her, with verifiable law facts which are expressly relevant to the specific exercise of official authority, instantly being challenged?

Answer:


9.   Do you admit that the People of the State of New York have an Unwritten State Constitution, wherein are found their Inherent Political Powers and Rights, which can neither be derogated or abrogated?

Answer:


10.  Do you admit that the written Constitution of the State of New York, is comprised of two major sub-parts,

namely, (1) A Declaration of Rights Part, ( Bill of Rights Article ) wherein the People of the State of New York enumerate some of their Unalienable, a.k.a. Natural, a.k.a. Constitutional Rights found in their Unwritten State Constitution, whereas other said Rights, are not enumerated, but remain no less inviolate, and (2) A Declaration of Powers Part, in which the People of the State of New York create and define the offices of their State Government, and express the delegated powers of those State Offices?

Answer:


11. Pursuant to the foregoing admissions question, do you admit that the primary purpose for which the government of the State of New York, a.k.a., The People's Servant Government, was instituted, is to secure, defend, vindicate, and protect from all encroachment, be that encroachment governmental, or non-governmental, the immunities, protections, privileges, and rights, which are enumerated in the Bill of Rights Section of

the Constitution of the State of New York?

Answer:


12.   Do you admit that when the Rights of the People are involved, the statements contained within the Declaration of Rights section of the Constitution of the State of New York, must be "Liberally Construed", that is, that ALL of the Rights of the People are not stated within the foregoing section of the constitution, and that there are many other immunities, protections, privileges, and rights which are not expressly stated, and yet, these too, must be included as being among the Rights of the People?

Answer:


13.   Do you admit that when the Powers of a particular Government Official/Officer are involved, the official duties, authority, and powers of that Official/Officer, MUST NOT be "Liberally Construed", that is, Officials/

Officers serving in the People's Servant Government, have only those delegated powers which are clearly, un- ambiguously, and expressly stated in the Constitution?

Answer:


14.  Do you admit that it is a fundamental principle of American Jurisprudence, that when an individual is ac- cused of a violation of criminal law, the burden of proving that said individual committed such violation, rests on the accuser?

Answer:


15.  Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also sometimes described as departments?

Answer:

16.   Do you admit that as a matter of fundamental po-
litical principle of our uniquely American system of
governance, that no official in the government of the
State of New York, can be said to have the official,
hence, lawful, hence, Constitutional Authority, to vio-
late the Unalienable, a.k.a., Natural, a.k.a., Consti-
tutional Rights of the People of the State of New York?

Answer:


17.   Do you admit that the Rights of an Individual
Citizen of the State of New York, are not derived from
governmental agencies, either municipal, state, federal
or other, or even from the Constitution of the State of
New York, but rather, that the Rights of an Individual
Citizen of the State of New York are Rights Endowed by
our Creator, or Natural Rights, which exist inherently
in every person, and are merely reaffirmed in the Con-
stitution?

Answer:

18.  Do you admit that the Constitution of the State of New York must not be construed to mean one thing at one time, and another thing, at some subsequent time, for example, that Article I Section 9 of the Constitution of the State of New York, the original intent of which is to secure, and protect the People of the State of New York from "Easy", and/or, Capricious, and/or, Arbitrary, and/or, Unlawful Arrest and Imprisonment, in advance of any such arrest and imprisonment, must not be construed to mean that the People of the State can Peaceably Assemble on the Streets of New York City in the time before and/or after a major political convention is taking place within the city, but not DURING, the time that such a convention is taking place.

Answer:


19.  Do you admit that it is a truism of American Jurisprudence, that when there is a conflict between the enforcement of statutes, rules, or code sections, ( such as New York Penal Code Section 240.20 (5) &

240.20 (6) ), and the exercise of a Constitutionally
Protected Right, ( such as the Right of the People
Peaceably to Assemble, as enumerated at Article I, Sec-
tion 9 of the Constitution of the State of New York ),
that the former must give way, and the Constitutional
Rights of the People of the State of New York, must be
protected from all encroachment, regardless of whether
the encroachment, and/or, intrusion, and/or, obstruc-
tion, and/or, abridgement, and/or, abrogation, and/or,
derogation, and/or interference with Constitutionally
Protected Activity, be governmental, or be it non-
governmental?

Answer:


20.   Do you admit that even if it were true, that the
Plaintiff had the intention of "blocking pedestrian
traffic", and/or, "causing pedestrians to walk in an
active street", on August 31st, 2004, as was alleged in
the complaint filed in connection with the subject case
against the Plaintiff, that the Plaintiff's conduct

would still constitute Constitutionally Protected Activity, if he ALSO had the DUEL INTENTION, of exercising a constitutionally protected right, in particular, his unalienable right peaceably to assemble, and therefore, his arrest, and imprisonment on August 31st, 2004, was a violation of the Plaintiff's Constitutionally Protected Rights?

Answer:

21.  Do you admit that any public official of the State of New York, who commits an act that is beyond the delegated powers of his State Public Office, and by doing so, violates the Unalienable, a.k.a. Constitutional Rights of a holder of the Inherent Political Power of the State of New York, proceeds in his/her personal capacity and not in his/her official capacity, for want of official authority in the gift of the people to violate any of the People's Unalienable, a.k.a. Constitutional Rights, secured and protected ( NOT GRANTED ) by

the Constitution of the United States, and by the Con-
stitution of the State of New York, or to commit acts
of criminal fraud against a holder of the Inherent Po-
litical Power, and/or to falsify records fraudulently
alleging criminal charges or violation of law, and/or,
to obstruct justice under color of statute / under
color of his/her public office / under color of law,
and/or, to commit acts of misconduct in office, and
therefore, that public official would be without the
privilege of official, and/or, absolute, and/or, quali-
fied immunity, since he/she would have proceeded in
complete absence of subject-matter jurisdiction, and in
complete absence of any and all, legitimate, official
authority whatsoever, hence, no protection under the
Immunity Doctrine, may be invoked for his or her bene-
fit, no matter how liberally such doctrine may be con-
strued?

Answer:


22. Do you admit that you have personally perpetrated

unprovoked acts of physical violence against peaceful protesters engaged in the exercise of Constitutionally Protected Activity?

Answer:

Submitted with all due respect this 1st day of October, 2006.

Joseph Carranza
P.O. Box 575060
Whitestone, NY
11357-5060

Exhibit G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————————--X

**JOSEPH P. CARRANZA**

                    Plaintiff,

     -against-

                                                    05 CV 10010 **(KMK)**

**THE CITY OF NEW YORK**, a municipal entity,
**MICHAEL BLOOMBERG**, Mayor of the City of New York,
**RAYMOND KELLY**, New York City Police Commissioner,
**THE NEW YORK CITY POLICE DEPARTMENT**,
**PAUL J. BROWNE**, Chief Spokesman for the
New York City Police Department,
**JOSEPH ESPOSITO**, Chief of Department
New York City Police Department,
**THOMAS GRAHAM**, Commander of Disorder Control Unit
New York City Police Department,
**BRUCE SMOLKA**, Assistant Chief, Patrol Borough Manhattan South
New York City Police Department,
**JOHN J. COLGAN**, Deputy Chief & Commanding Officer, Pier 57
NEW YORK CITY POLICE OFFICERS:
**MARK MOCCIA**, SHIELD # 21176 47 PRECINCT,
**MARTIN TOCZEK**, SHEILD # 27487 47 PRECINCT,
**HOLLY AGAJANIAN**, Assistant District Attorney,
New York County District Attorney's Office

                    Defendants.

—————————————————————————————--X

## NOTICE AND REQUEST FOR ADMISSIONS
## AND NOTICE AND REQUEST TO PRODUCE DOCUMENTS
## ( First Set Presented to JOHN J. COLGAN_)


Please take notice that the Plaintiff, Joseph Carranza, herein-
after, Plaintiff, proceeding pro se, hereby, pursuant to Discov-
ery Rights as a holder of the inherent political power of this

American Nation, and the Federal Rules of Civil Procedure, serves upon Defendant **JOHN J. COLGAN**, the following Request for Admissions. Please answer each question as either "Admitted", or "Denied". For any question you deny, please provide an answer in rebuttal which expressly and relevantly addresses the subject/issue raised in the question, and when the subject/issue pertains to a political law fact, a.k.a. constitutional law fact, or other law fact, then said answer in traverse/rebuttal, must be verifiable in law. For answers intended to traverse a question addressing a political law, constitutional law, or other law fact, that is being denied, that does not expressly and relevantly address the subject/issue raised by the question, or if the answer is not verifiable as either a political law, constitutional law, or other law fact, as the case may be, then said question either must be deemed admitted, or, alternatively, as an intentional act of criminal fraud by and through employment of silence and/or evasion to the question.

Defendant's answers to these Requests for Admissions, when completed and all supporting documentation, should be mailed to the Plaintiff, Joseph Carranza, P.O. Box 575060, Whitestone, NY, 11357-5060.


Thank you for your cooperation.


Plaintiff's Requests for Admissions, are as follows:


1.   Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a matter of fundamental political law fact?

Answer:


2.   Do you admit that pursuant to the foregoing admissions question, that the People of the State of New York alone, have the power to create, alter, or abolish

their State Government?

Answer:


3.  Do you admit that pursuant to the foregoing admissions questions numbers 1, and 2, that the Government of the State of New York is styled as "The State of New York", but on no occasion can the Government of the State of New York be recognized as actually being the State of New York, inasmuch as only the People of the State of New York, are the State of New York?

Answer:


4.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, and 3, that the written Constitution of the State of New York, is a Political Trust Deed, ratified by the People for the sole benefit of the People of the State of New York, who are deemed State Political Trustors, and also, the beneficiaries of a State Political Trust, which Trust is evidenced by

said written and ratified Constitution of the State of New York?

Answer:


5.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, and 4, that all valid Constitutional Doctrines, rest Inherently, and therefore, entirely, in the hands of the People of the State of New York, because the People of the State of New York are the Holders of the Inherent Political Power of the State of New York?

Answer:


6.  Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, and 5, that every State Government Official, receives his/her official authority, from the People of the State of New York, and that said official authority, therefore, is delegated to him/her, from the People of the State of New

York, who hold all Political Authority?

Answer:


7.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, and 6, that you, defendant, **JOHN J. COLGAN**, are a State of New York Political Trustee, having official authority as Deputy Chief & Commander Officer Pier 57, NYC Police Department, but only when performing official duties of your office pursuant to the written Constitution of the State of New York, and Constitutionally authorized statutes which expressly define the limitations of that exercise?

Answer:


8.   Do you admit that pursuant to the foregoing admissions questions numbers 1, 2, 3, 4, 5, 6, and 7, that every State Government Official, is subject to having his/her individual presumptions of official authority

challenged in individual instances of his exercise of said authority and that when so challenged, the burden is on said Official, to prove his/her Official Authority in an instant matter, or case, by a substantive tracing of his/her delegation of said authority by the People of the State of New York, to him/her, with verifiable law facts which are expressly relevant to the specific exercise of official authority, instantly being challenged?

Answer:



9.   Do you admit that the People of the State of New York have an Unwritten State Constitution, wherein are found their Inherent Political Powers and Rights, which can neither be derogated or abrogated?

Answer:



10.   Do you admit that the written Constitution of the State of New York, is comprised of two major sub-parts,

namely, (1) A Declaration of Rights Part, ( Bill of Rights Article ) wherein the People of the State of New York enumerate some of their Unalienable, a.k.a. Natural, a.k.a. Constitutional Rights found in their Unwritten State Constitution, whereas other said Rights, are not enumerated, but remain no less inviolate, and (2) A Declaration of Powers Part, in which the People of the State of New York create and define the offices of their State Government, and express the delegated powers of those State Offices?

Answer:


11.  Pursuant to the foregoing admissions question, do you admit that the primary purpose for which the government of the State of New York, a.k.a., The People's Servant Government, was instituted, is to secure, defend, vindicate, and protect from all encroachment, be that encroachment governmental, or non-governmental, the immunities, protections, privileges, and rights, which are enumerated in the Bill of Rights Section of

the Constitution of the State of New York?

Answer:


12.   Do you admit that when the Rights of the People are involved, the statements contained within the Declaration of Rights section of the Constitution of the State of New York, must be "Liberally Construed", that is, that ALL of the Rights of the People are not stated within the foregoing section of the constitution, and that there are many other immunities, protections, privileges, and rights which are not expressly stated, and yet, these too, must be included as being among the Rights of the People?

Answer:


13.   Do you admit that when the Powers of a particular Government Official/Officer are involved, the official duties, authority, and powers of that Official/Officer, MUST NOT be "Liberally Construed", that is, Officials/

Officers serving in the People's Servant Government, have only those delegated powers which are clearly, unambiguously, and expressly stated in the Constitution?

Answer:


14.  Do you admit that it is a fundamental principle of American Jurisprudence, that when an individual is accused of a violation of criminal law, the burden of proving that said individual committed such violation, rests on the accuser?

Answer:


15.  Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also sometimes described as departments?

Answer:

16.    Do you admit that as a matter of fundamental political principle of our uniquely American system of governance, that no official in the government of the State of New York, can be said to have the official, hence, lawful, hence, Constitutional Authority, to violate the Unalienable, a.k.a., Natural, a.k.a., Constitutional Rights of the People of the State of New York?

Answer:


17.    Do you admit that the Rights of an Individual Citizen of the State of New York, are not derived from governmental agencies, either municipal, state, federal or other, or even from the Constitution of the State of New York, but rather, that the Rights of an Individual Citizen of the State of New York are Rights Endowed by our Creator, or Natural Rights, which exist inherently in every person, and are merely reaffirmed in the Constitution?

Answer:

18.  Do you admit that the Constitution of the State of New York must not be construed to mean one thing at one time, and another thing, at some subsequent time, for example, that Article I Section 9 of the Constitution of the State of New York, the original intent of which is to secure, and protect the People of the State of New York from "Easy", and/or, Capricious, and/or, Arbitrary, and/or, Unlawful Arrest and Imprisonment, in advance of any such arrest and imprisonment, must not be construed to mean that the People of the State can Peaceably Assemble on the Streets of New York City in the time before and/or after a major political convention is taking place within the city, but not DURING, the time that such a convention is taking place.

Answer:


19.  Do you admit that it is a truism of American Jurisprudence, that when there is a conflict between the enforcement of statutes, rules, or code sections, ( such as New York Penal Code Section 240.20 (5) &

240.20 (6) ), and the exercise of a Constitutionally

Protected Right, ( such as the Right of the People

Peaceably to Assemble, as enumerated at Article I, Sec-

tion 9 of the Constitution of the State of New York ),

that the former must give way, and the Constitutional

Rights of the People of the State of New York, must be

protected from all encroachment, regardless of whether

the encroachment, and/or, intrusion, and/or, obstruc-

tion, and/or, abridgement, and/or, abrogation, and/or,

derogation, and/or interference with Constitutionally

Protected Activity, be governmental, or be it non-

governmental?

Answer:


20.  Do you admit that even if it were true, that the

Plaintiff had the intention of "blocking pedestrian

traffic", and/or, "causing pedestrians to walk in an

active street", on August 31st, 2004, as was alleged in

the complaint filed in connection with the subject case

against the Plaintiff, that the Plaintiff's conduct

would still constitute Constitutionally Protected Activity, if he ALSO had the DUEL INTENTION, of exercising a constitutionally protected right, in particular, his unalienable right peaceably to assemble, and therefore, his arrest, and imprisonment on August 31st, 2004, was a violation of the Plaintiff's Constitutionally Protected Rights?

Answer:

21. Do you admit that any public official of the State of New York, who commits an act that is beyond the delegated powers of his State Public Office, and by doing so, violates the Unalienable, a.k.a. Constitutional Rights of a holder of the Inherent Political Power of the State of New York, proceeds in his/her personal capacity and not in his/her official capacity, for want of official authority in the gift of the people to violate any of the People's Unalienable, a.k.a. Constitutional Rights, secured and protected ( NOT GRANTED ) by

the Constitution of the United States, and by the Con-
stitution of the State of New York, or to commit acts
of criminal fraud against a holder of the Inherent Po-
litical Power, and/or to falsify records fraudulently
alleging criminal charges or violation of law, and/or,
to obstruct justice under color of statute / under
color of his/her public office / under color of law,
and/or, to commit acts of misconduct in office, and
therefore, that public official would be without the
privilege of official, and/or, absolute, and/or, quali-
fied immunity, since he/she would have proceeded in
complete absence of subject-matter jurisdiction, and in
complete absence of any and all, legitimate, official
authority whatsoever, hence, no protection under the
Immunity Doctrine, may be invoked for his or her bene-
fit, no matter how liberally such doctrine may be con-
strued?

Answer:

22. Do you admit that the detainment facility known as Pier 57, which was used to imprison demonstrators arrested during the protest activity surrounding the 2004 Republican National Convention in NYC, was an Unconstitutional Jail?

Submitted with all due respect this 1st day of October, 2006.

Joseph Carranza
P.O. Box 575060
Whitestone, NY
11357-5060

Exhibit H





**MEMO ENDORSED**

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

*Mailed to
pro se* π

FRED M. WEILER
*Special Federal Litigation Division*
TEL: 212-788-1817
FAX: 212-788-9776

October 16, 2006

**BY HAND**
Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/19/06__

Re:   <u>Carranza v. City of New York, et al.,</u> 05 CV 10010 (KMK) (JCF)

Dear Judge Francis:

I am a Special Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York (the "City"). I write in connection with seven separate but virtually identical Requests for Admissions served by plaintiff *pro se* in this RNC case upon defendants Mayor Bloomberg, Raymond Kelly, Paul J. Browne, Joseph Esposito, Thomas Graham, and Bruce Smolka, respectively. (Copies of the Requests for Admission ("Requests") are annexed hereto as <u>Exhibits A-G</u>). For reasons set forth in full below, defendants respectfully request an order striking these Requests or, in the alternative, a protective order pursuant to F.R.C.P. 26(c) relieving defendants of any duty to respond to the Requests.

The purpose of a Rule 36 request for admissions is "to [assist] the parties and the court to narrow the factual issues to be presented for determination in connection with . . . a claim, either on motion or at trial." <u>Brodeur v. McNamee,</u> 2005 U.S. Dist. LEXIS 14939 (N.D.N.Y. July 27, 2005), at *6. However, a request for admissions cannot ask the responding party for admissions of law or legal conclusions. <u>Williams v. Krieger,</u> 61 F.R.D. 142, 144 (S.D.N.Y. 1973); <u>Anderson v. United Airlines, Inc.,</u> 49 F.R.D. 144, 149 (S.D.N.Y. 1969); <u>Samborski v. Linear Abatement Corp.,</u> 1997 U.S. Dist. LEXIS 1337 (S.D.N.Y. Feb. 10, 1997).



Contrary to the purpose of Rule 36, plaintiff's Requests asks for admissions of law or legal conclusions. By way of example, plaintiff asks Police Commissioner Raymond Kelly to admit the following:

- "Do you admit that the People of the State of New York are the Inherent Political Power Holders of the State of New York, as a fundamental political law fact?" (Exh. A, Request No. 1)

- "Do you admit . . .that the written Constitution of the State of New York, is a Political Trust Deed, ratified by the People for the sole benefit of the People of the State of New York, who are deemed State Political Trustors, and also, the beneficiaries of a State Political Trust, which Trust is evidenced by said written and ratified Constitution of the State of New York?" (Exh. A, Request No. 4)

- "Do you admit that the government of the State of New York, is Constitutionally mandated to separate the powers of governance into three separate branches, namely, an Executive, a Legislative, and a Judicial branch, also described as departments?" (Exh. A, Request No. 15)

Plaintiff directs virtually the same requests to Mayor Bloomberg and other high-ranking NYPD officials. (See Exhs. B-G). The Requests are vexatious, have no relevance to any issues in this case, will not narrow any issues for trial, and will not resolve any disputed facts. I have written to Mr. Carranza asking that he withdraw the Requests for these reasons, but he has not responded. Accordingly, defendants ask the Court to strike the Requests or issue a protective order relieving defendants of the obligation to admit, deny, or object to each Request.

Directly on point here is Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Authority, 234 F.R.D. 1 (D.D.C. 2006). Disability Rights involved an ADA lawsuit by disability rights advocates against Washington Metropolitan Area Transit Authority ("WMATA"). WMATA served requests for admissions upon plaintiffs that asked them to admit whether or not certain matters were required by the ADA or Federal Transit Administration regulations. 234 F.R.D. at 2. Plaintiffs objected and refused to respond to most of the requests, whereupon WMATA moved for an order striking plaintiffs' objections and deeming the requests admitted. Id. The Court refused to do so after reviewing the requests, holding that under Rule 36, "one party cannot demand that the other party admit the truth of a legal conclusion." 234 F.R.D. at 3. The Court disallowed the following requests, which are strikingly similar to the type of requests plaintiff here has served upon defendants:

- "Admit that neither the ADA nor the Rehabilitation Act require that paratransit vehicles be equipped with adequate heat and air conditioning systems as referred to in paragraph 38(a) of the Complaint" (234 F.R.D. at 2-3);

- "[A]dmit that in Maryland, D.C. and Virginia, any otherwise qualified voter who is a qualified person with a disability is entitled to vote by absentee ballot" (234 F.R.D. at 3);

- "[A]dmit that consistent with the regulations, Metroaccess patrons must meet their rides at a designated pick-up spot, which is outdoors" (Id.)

2

With each of these requests, which are even narrower than plaintiff's here, the Court agreed with plaintiffs that the requests were objectionable because WMATA was seeking a purely legal conclusion or opinion, and because nothing in each request "applies law to fact, let alone to the facts of the case." 234 F.R.D. at 3.

The same reasoning applies here. Whether Commissioner Kelly believes that New York's Constitution is a "Political Trust Deed," or whether Mayor Bloomberg believes that "the People of the State of New York are the Inherent Political Power Holders of the State of New York," has nothing to do with the circumstances of plaintiff's arrest and detention during the RNC. Responding to over 140 such requests would do little to resolve disputed facts or advance this litigation. Accordingly, defendants request that this Court strike plaintiff's seven separate Requests for Admissions in their entirety or, in the alternative, enter a protective order relieving defendants of any obligation to respond to the Requests.

Respectfully submitted,

Fred M. Weiler

cc:    Joseph Carranza, pro se (via first class and e-mail)

10/19/06

Application granted. Plaintiff's Requests for Admissions are stricken.

SO ORDERED.

James C. Francis IV

USMJ

3

Exhibit I

From: Joseph Carranza                    December 11th, 2006
      P.O. Box 575060
      Whitestone, NY 11357-5060
      E-Mail: FalselyArrested@aol.


To:   Honorable Kenneth M. Karas
      United States District Court
      Southern District of New York
      500 Pearl Street, Room 920
      New York, New York 10007


Re: Carranza v. City of New York et al. (05CV10010)(KMK)

Dear Judge Karas:

     I am writing to bring to your attention, several is-
sues, and to request your intervention in correcting, what
I would consider to be, the unfortunate, and unjust course
of the proceedings in the instant case.

     First, there is the issue of a recent request by Mr.
Michael S. Morgan, hereinafter Morgan, who is the legal
representative of the former Assistant District Attorney
for the New York District Attorney's Office, defendant,
Holly Agajanian, hereinafter Agajanian.

     I have received a copy of a letter dated October 31st,
2006 from Morgan, **( attached as Exhibit A )**, to Magistrate
Judge Francis, in which Morgan requests a stay of discovery
pending the courts decision on defendant Agajanian's motion
to dismiss. ( Dated May 5th ) Plaintiff was not informed by
the court as to what response, if any, was provided to Mor-
gan's request.

     The Plaintiff's Requests for Admissions, **( attached as
Exhibit B )**, and the Plaintiff's Interrogatory Questions,
**( attached as Exhibit C )**, to defendant Agajanian was mis-
takenly sent by the Plaintiff, via United States Postal
Service, to Mr. Fred Weiler, hereinafter Weiler, of the New

York City Law Department, rather than to Morgan. The above-listed discovery requests were then forwarded to Morgan by Weiler. The Plaintiff apologizes for any inconvenience caused by this error.

In a letter dated October 16th, 2006, Weiler, submitted a similar letter to Magistrate Judge Francis, **( attached as Exhibit D )**, requesting an order to strike the Plaintiff's several Requests for Admissions to defendants, Bloomberg, Kelly, Browne, Esposito, Graham, Smolka, and Colgan, **( attached as Exhibits E,F,G,H,I,J,K )**, or in the alternative, for an order granting relief to the defendants from any duty to provide answers to the Plaintiff's several Requests for Admissions.

The Plaintiff submitted a letter in opposition and objection to the above-referenced request by Weiler, ( dated October 17th, 2006 ) to the above-referenced letter, intended for the Magistrate Judge, by hand, at the Pro Se Office at the Courthouse at 500 Pearl Street in Lower Manhattan, on October 18th, 2006. **( attached as Exhibit L )**

The Plaintiff has received a copy of Mr. Weiler's letter containing the order of Magistrate Judge Francis, signed by the Magistrate Judge and dated October 19th, 2006, thereby granting Mr. Weiler's request to strike the Plaintiff's Request for Admissions, apparently, in their entirety and unconditionally, and finally. **( attached as Exhibit M )**

The Plaintiff has no reason to believe that his letter in objection and opposition was considered by the Magistrate Judge in the least, or whether or not it was even received and/or, read by the Magistrate Judge, furthermore, the Plaintiff submits, that if the Magistrate Judge is only considering / reading / responding to, the pleadings and/or, letters of the defendants legal representatives, at the complete exclusion of the Plaintiff's pleadings and letters, that would be extremely prejudicial, to say the least.

The Plaintiff vehemently objects to the order of the Magistrate Judge granting Mr. Weiler's request to strike, and in addition to the objections raised in the Plaintiff's above-referenced letter of October 17th to Magistrate Judge Francis, the Plaintiff hereby sets forth his primary grounds/reasons for his objection below, to wit:

A.   Rule 36 (a) of the Federal Rules of Civil Procedure states: "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, <u>of the truth of any matters within the scope of Rule 26 (b) (1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact,</u> including the genuineness of any documents described in the request."

Rule 26 (b) (1) states: "In General. <u>Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim</u> or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Considering the foregoing, Mr. Weiler's request *supra* contains several examples of seemingly intentional distortions and fallacy. For instance, on page 1 ( bottom ), Weiler submits, "…a request for admissions cannot ask the responding party for admissions of law or legal conclusions.", the statement apparently extracted from the case of <u>Williams v. Krieger</u>, however, the Plaintiff's Requests for Admissions questions do not ask the defendants for their opinions and/or, for their "legal conclusions". In fact, the issues addressed in the several questions of the Plaintiff's several Requests for Admissions are not susceptible to legislative, executive, or judicial opinions and/or revisionism, without admitting the overthrow of the Rule of Law, rather, the questions address, *inter alia*, fundamental, political truisms as valid in one state as in every other state of our American Union, more specifically, the questions of the Plaintiff's Requests for Admissions address the

issues of:

(1) the origin and essential nature of the State and Federal Constitutions, which given the fact that every public officer has sworn an oath to support the same, every public officer, to include the defendants in this action, should full well know and understand, and,…

(2) the origin and essential nature of The People's Unalienable Rights, in particular, that (1) they are not rights which are granted by the local, state, or federal government but rather, they are Unalienable a.k.a., Natural Rights, endowed by our creator, and as such, they are rights which no public official can be said to have the lawful authority to violate and/or, abrogate and/or derogate at their whim and caprice, whether or not such encroachment be carried out under the rubric of "public safety" or otherwise, and, (2) that the Rights of the People are not all expressly enumerated in the written constitution, that there are many which remain unwritten, many which are implied, and (3) that where the rights of the people are concerned, they are to be liberally construed, where as, the powers of the government are not to be, and and,…

(3) the basic legal relationship between the Plaintiff ( i.e. Trustor ), and the Defendants, ( i.e., Trustees ), which the defendants as public officers, should full well know and understand, and,…

(4) the lawful / constitutional / statutory limitations, and/or, the Delegated Powers of their respective public offices, i.e., that when there is a conflict between the enforcement of statutes and the exercise of Constitutional Rights, the former must give way, and the rights of The People must be upheld, - which the defendants, as public officers should full well know and understand, and,...

(5) how that legal relationship and/or, the lawful / constitutional / statutory limitations / Delegated Powers, of their public office, apply to the facts as they are alleged

in the complaint, regarding the defendant's alleged viola-
tion of the Plaintiff's Constitutional Rights.

It is no wonder the defendants legal counsel has moved
to frustrate the efforts of the Plaintiff to obtain answers
to the Plaintiff's several Requests for Admissions, because
the very nature of the questions places the defendants in
the undesirable position of having to admit to one of two
inconvenient truths, (1) that We The People are saddled with
a species of government which is wholly repugnant to the
letter and the spirit of the U.S. Constitution and/or, the
New York State Constitution, and that established constitu-
tional doctrines are inapplicable and/or, do not restrain
the policies and actions of public officials or, (2) that
the Constitution continues to remain in force and effect as
the highest law of the land, but that the defendants simply
elected to completely disregard the constitutional protec-
tions, immunities, rights and privileges secured by the con-
stitution during the period of time that the 2004 Republican
National Convention was being held in New York City. How-
ever, the Plaintiff submits, that his questions must be an-
swered just the same, and,...

B.  Mr. Weiler continues to deal in distortions and fallacy
on page 2 of his request, by extracting several irrelevant
"points" from cases which bare little or no resemblance to
the instant case, and by listing Requests for Admissions
questions composed by the parties to those irrelevant ac-
tions, which bare little or no resemblance to any of the
Plaintiff's Requests for Admissions questions.

Furthermore, Mr. Weiler's objection to the Plaintiff's
Request for Admissions question: "Do you admit that the Peo-
ple of the State of New York are the Inherent Political
Power Holders of the State of New York, as a fundamental po-
litical law fact?", is particularly incomprehensible, since
this is a matter of an essential / fundamental / axiomatic
founding principle, hence, a basic truism of our uniquely
American System of Governance, so firmly established in both
the historical record, and in the founding documents of our
nation, that there should be no need to argue the point, for

it is expressly stated in 49 out of the 50 U.S. State Con-
stitutions! I submit that it is unfortunate that Mr.
Weiler should be so politically illiterate that he should
attempt to brand such a question as vexatious, and/or,
having little importance to the instant action.

     To deny that The People are the Inherent Holders of
the Political Power of the State of New York, and of this
American Nation, would seem to have grave consequences,
since it would be tantamount to:


(1) admitting the overthrow of the Constitutional Repub-
lic, and that the enterprise currently occupying the sev-
eral offices of The People's Servant Government, simply
trespasses in said offices, and merely masquerades as the
People's Servant Government, and therefore, has not the
legitimate right to continue to function in their current
capacity, and,...


(2) arguing that State and/or Federal Public Officers, to
include the defendants in this action, have no Constitu-
tionally Legitimate Powers, since their lawful powers are
Delegated Powers, derived from the consent of the gov-
erned, or from The People, that is, they are powers which
all public officers receive in the gift of the People in
the first instance, and powers which The People would have
no authority to grant if in fact The People were NOT the
Inherent Holders of the Political Power of the State of
New York, and,...


(3) admitting to treason against the People of this State
and of this American Nation, as well as admitting to in-
volvement in a conspiracy against the very Constitution
they have ( presumably ) sworn a solemn oath to support!


     Hence, it would be an absolute absurdity for any pub-
lic official serving in the offices of the People's Ser-
vant Government, and/or, the legal representative of such
person/s, to argue in the obverse to such a basic politi-
cal truism as "The People are the Inherent Holders of the
Political Power", and/or, "All Authority belongs to the

People." as was stated by Thomas Jefferson, John Adams, and James Monroe, and,...

C.  In addition, it would appear to be plainly and logically necessary, that in an action such as the instant case, - in which the Plaintiff is alleging a violation of his Constitutional Rights, and that said violation was either a direct or indirect result of the defendants ( public officers all ) conduct, and/or, actions, and/or, customs, and/or, habits and/or, policies which were in excess of the Delegated lawful authority of the defendant's respective public offices — that it would be essential to the success of the Plaintiff's cause, firstly, to establish and/or, define, specifically, what the legal relationship is between the Plaintiff and the Defendants, and what the lawful authority, hence Delegated Powers of the defendants respective public offices, and/or, the lawful / constitutional limitations imposed thereupon, ARE, in order to then reach an admission and/or, determination, as to whether or not the defendants acted within the boundaries of the lawful authority of their respective public offices, in order to reach an admission and/or determination, as to whether or not the defendants knowingly, and/or, willfully, and/or, intentionally, and/or, maliciously, exceeded the lawful, hence Delegated authority of their respective public offices and/or, the lawful limitations thereupon, at the time and place they either committed the alleged violations of the Plaintiff's Constitutional Rights, and/or, acted in a manner which led, either directly, or indirectly, to said violations of the Plaintiff's Constitutional Rights, and,...

D.  It is unclear, considering the history of the title of "United States Magistrate Judge", whether the establishment of the very title, and the re-delegation of judicial and/or, quasi-judicial powers and responsibilities associated therewith, in and of itself, could rightly be said to be constitutional in the first instance, in order for a "United States Magistrate Judge" to have the lawful authority to touch any part of any action before the court in any manner whatsoever, let alone, in a manner which

abridges a parties substantive rights, or more specifi-
cally, to grant relief to a defendant from the duty of an-
swering a Plaintiff's Requests for Admissions, in the sec-
ond instance.

Considering the history of the title of "United States
Magistrate Judge", it would appear, that the title was sub-
stituted in text for "United States Magistrate" pursuant to
section 321 of Pub. L. 101-650, set out as a note under
section 631 of Title 28, Judiciary and Judicial Procedure,
the title of  'United States Magistrate' was substituted
for "National Parks Commissioner" pursuant to Pub. L. 90-
578. See chapter 43 (Sec. 631 et seq.) of Title 28m, hence
the title seems to have evolved from the title of National
Park Commissioner, and then to United States Magistrate,
and finally, to United States Magistrate Judge.

And therefore, it is unclear what the lawful / consti-
tutional authority might be, ( with or without the consent
of the parties ), for a District Court Judge to Re-Delegate
Judicial Authority and/or Judicial Power to any person,
other than another Duly Appointed Judge of the Court, to
include a National Park Commissioner, and/or, a United
States Magistrate, and/or a United States Magistrate Judge,
to:

(1) exercise Judicial and/or, Quasi-Judicial authority and/
or, to make determinations of a judicial nature, hence, of
a discretionary nature, or perform any function whatever,
in connection with any justiciable matter in controversy,
and/or,...

(2) function as a "Special Master" and in his own discre-
tion, to make judgments on the pleadings in a matter in
controversy, or more specifically, to grant relief to any
defendant in an action from the duty of answering a Plain-
tiff's requests for discovery.

E.  In addition to all of the foregoing, the District Court
Judge should take judicial notice of the fact that U.S.C.
Title 28 Section 636 subsection (b) (1) (A) states in rele-

vant part that: "a judge may designate a magistrate to hear and determine any pre-trial matter pending before the court, **except,...for judgment on the pleadings**,…", which is in fact exactly what Magistrate Judge Francis has done by and through the "granting" of relief to the defendants from the duty of providing answers to the Plaintiff's several Requests for Admissions, to wit:

From Black's Law Dictionary 4th Edition:

"*Pleading — The peculiar science or system of rules and principles, established in the common law, according to which the pleadings or responsive allegations of litigating parties are framed, with a view to preserve technical propriety and to produce a proper issue. The process performed by the parties to a suit or action, in alternately presenting written statements of their contention, each responsive to that which precedes, and each serving to narrow the field of controversy, until there evolves a single point, affirmed on one side and denied to the other, called the 'issue' upon which they then go to trial.*"

Arguendo for the moment, accepting as true, that a United States Magistrate Judge can be said to have any Constitutionally Legitimate Judicial and/or Quasi-Judicial power, and/or, authority, a United States Magistrate Judge would still lack the authority, pursuant to 28 U.S.C. section 636, to do anything more than make reports and recommendations to the District Court Judge, who will make all final determinations regarding, *inter alia*, the pleadings in an action, and,...

F.  In addition, the Plaintiff respectfully requests that the District Court Judge take notice of the fact that the Supreme Court has held on numerous occasions, that the pleadings and motions of Pro Se Litigants, should be held to a "**Less Stringent Standard**", ( Haines v. Keaner, et al. 404 U.S. 519,92 s. Ct. 594,30 L. Ed. 2d 652; Maclin v. Paulson, 627 F.2d 83,86 CA7 1980; French v. Heyne, 547 F.2d 994,996 CA7 1976. ), hence, that the Pleadings of

Pro Se Litigants should be **"Liberally Construed"**, ( Estelle, Corrections Director, et al. v. Gample, 29 U. S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251; Conley v. Gibson, 355 U.S. 41,45 46 - 1957 ).

In Platsky v. C.I.A. 953 F.2d. 25, the court held that if a court dismisses the Pro Se Litigant without instruction of how the Pro Se's pleadings are deficient and without instructions of how repair the pleadings.

Considering the foregoing,  it would seem that before a Plaintiff Pro Se's Requests For Admissions, and/or Interrogatory Questions to the Defendants, could be unconditionally, and entirely stricken, that:

(1) The judge's reason/s for so ordering, should be revealed to the Plaintiff, and,...

(2) Specific notice of the deficiencies of the Requests for Admissions, and/or the Interrogatory Questions, should be provided to the Plaintiff, and,...

(3) Instructions on how to repair pleadings should be provided to the Plaintiff, and,...

(4) An appropriate allowance of time to correct and/or amend and resubmit the Requests for Admissions, and/or, Interrogatory Questions, should be extended to the Plaintiff Pro Se.

The Plaintiff has a Constitutional Right to an action in the court addressing the substantial issues of his claim. "Where Rights Secured by the Constitution are involved, there can be no Rule Making or Legislation which would abrogate them." Miranda v. Arizona, 385 U.S. 364, Therefore, the "order" of the Magistrate Judge, granting the defendant's relief from the duty of answering the Plaintiff's several Requests for Admissions, is a clear violation of the Plaintiff's Constitutional Rights, and,...

H.   The court order striking the Plaintiff's Requests for
Admissions would force the Plaintiff to seek prohibitively
costly depositions in order to obtain the information
sought.

**THEREFORE, the Plaintiff, hereby, respectfully requests
the intervention of District Court Judge Karas, to:**

(1) Take Judicial Notice of the fact that the Federal
Rules of Civil Procedure, are slanted in favor of the
party seeking answers, and,...

(2) Correct and reverse the "order" of Magistrate Judge
Francis   ( dated 10-19-06 ) granting Weiler's above-
referenced request to strike the Plaintiff's Requests for
Admissions, and,...

(3) Grant the Plaintiff leave of the court to re-serve the
Plaintiff's several stricken Requests for Admissions upon
the defendants, and,…

(4) Issue an order to compel defendants Bloomberg, Kelly,
Esposito, Graham, Smolka, Colgan, and Browne, to provide
answers in full and complete, and to the best of their
abilities, and instructing them that they are to neither
hold silent or answer evasively, to each and every one of
the Plaintiff's several Requests for Admissions Questions,
or if, in the event that any defendant who is a party to
this action should fail, and/or, neglect, and/or, refuse,
and/or decline to answer any of the Plaintiff's Request
for Admissions questions, to state good reason, or rea-
sons, why the particular question should not, or cannot be
answered, and that the court  recognize as being admitted,
any question which is answered evasively, and/or, any
question which is not answered, without good reason being
shown, or in the alternative to the foregoing requests,
the Plaintiff respectfully requests that the court respond
to the instant request of the Plaintiff by setting forth,
specifically, the defects in the Plaintiff's several Re-
quests for Admissions, and if the only defect be that the
questions are too great in number, to grant leave of the
court for the Plaintiff to exceed the number of questions

prescribed in the Federal Rules of Civil Procedure and to
grant leave of the court for the Plaintiff to re-serve the
Requests for Admissions upon the several defendants, or if
the Plaintiff's Requests for Admissions questions are in
any other manner, aside from their abundance, defective,
to grant the Plaintiff leave of the court to amend and re-
serve them upon the defendants, notwithstanding any time
limitations set forth in the "Case Management Order".

(5) Take notice of the fact that the Magistrate Judges or-
der of 10-19-06 granting relief to the above-listed defen-
dants, pertained, specifically, to ONLY the Plaintiff's
seven separate Requests for admissions to the defendants,
and NOT to the Plaintiff's Request for Interrogatories to
the two police officer Defendants, ( Moccia and Toczek ),
and,…

(6) Take notice of the fact that no extension of time, of
which the Plaintiff would be aware, for the police officer
defendants to provide answers to the Plaintiff's Inter-
rogatory Questions has been requested, and/or, granted by
the court, and,…

(7) Take notice of the fact that the defendants time to
answer the Plaintiff's Interrogatory Questions has ex-
ceeded that amount of time prescribed in the Federal Rules
of Civil Procedure, and,…

(8) Take notice of the fact that the Plaintiff's good
faith response to the defendants Interrogatory Questions,
was in fact, timely served by the Plaintiff, and,...

(9) Issue an order to compel the police officer defendants
Moccia, and Toczek, to provide answers in full and com-
plete, and to the best of their abilities, and instructing
them that they are to neither hold silent or answer eva-
sively, to each and every one of the Plaintiff's several
Interrogatory Questions, or in the event that the Plain-
tiff's Interrogatory questions to the Police Officer de-
fendants have, unbeknownst to the Plaintiff, also been
stricken, the Plaintiff respectfully requests that the
court correct and reverse the order striking the Inter-

rogatories, and grant leave of the court for the Plaintiff
to reserve the Interrogatory questions to the Police Offi-
cer defendants, or in the alternative, that the court re-
spond to the instant request of the Plaintiff by setting
forth, specifically, the defects in the Plaintiff's sev-
eral Interrogatory questions, and if the only defect be
that the questions are too great in number, to grant leave
of the court for the Plaintiff to exceed the number of
questions prescribed in the Federal Rules of Civil Proce-
dure and to grant leave of the court for the Plaintiff to
re-serve the Interrogatory questions upon the police offi-
cer defendants, or if either the Plaintiff's Interrogatory
questions are in any other manner, aside from their abun-
dance, defective, to grant the Plaintiff leave of the
court to amend and re-serve them upon the police officer
defendants, notwithstanding any time limitations set forth
in the "Case Management Order".

(10) Inform the Plaintiff as to whether or not the above-
referenced request by Morgan, was granted or denied, by
the Magistrate Judge, and,...

(11) Correct and reverse the "order" of the Magistrate
Judge, provided of course that the above-reference request
by Morgan, was in fact, "granted" or in the alternative,
and,…

(12) Grant relief to the Plaintiff from re-serving the
Plaintiff's Requests for Admissions and Interrogatory
questions to defendant Agajanian, since her legal repre-
sentative, Morgan, is already in possession of same,
and,...

(13) Issue an order to compel defendant Agajanian, to pro-
vide answers, in full and complete, and to the best of her
ability, and instructing her to neither hold silent or an-
swer evasively, to each and every one of the Plaintiff's
Requests for Admissions Questions and the Plaintiff's In-
terrogatory Questions, or in the alternative, to schedule
a hearing for the purpose of arguing the motion to dismiss
by Morgan, notwithstanding the District Court Judges indi-
vidual rules which seem to disallow non-attorneys the

privilege of arguing motions, to wit: - from item "E", from page "2" of Judge Karas's Individual Practices which states: "E. Oral Argument on Motions. Where the parties are represented by counsel oral arguments will be held on all motions."

Submitted with all due respect on December 13th, 2006.


                    Cordially,


                    _____


                    Joseph Carranza

Exhibit J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
JOSEPH P. CARRANZA,                    : 05 Civ. 10010 (KMK) (JCF)
                                       :
              Plaintiff,               :    O R D E R
                                       :
       - against -                     :
                                       :
THE CITY OF NEW YORK, et al.,          :
                                       :
              Defendants.              :
- - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

```
+----------------------------------+
| USDC SDNY                        |
| DOCUMENT                         |
| ELECTRONICALLY FILED             |
| DOC #: _____            |
| DATE FILED: 12/20/06             |
+----------------------------------+
```

     Plaintiff having submitted a letter dated December 11, 2006 to
the Honorable Kenneth M. Karas, U.S.D.J., and Judge Karas having
forwarded the letter for my consideration, it is hereby ORDERED as
follows:

     1.  Plaintiff attaches a letter to me dated October 31, 2006
from Michael S. Morgan in the office of the New York County
District Attorney and asks whether Mr. Morgan's request had been
acted upon.  It had not, because I never received a copy of the
letter.  However, upon review of the letter, I now grant the
application to stay discovery with respect to defendant Holly
Agajanian pending determination of her motion to dismiss.  A stay
is appropriate because she has raised colorable Eleventh Amendment
and prosecutorial immunity defenses.

     2.  Plaintiff expresses uncertainty concerning whether I
considered his October 17, 2006 letter in advance of issuing my
October 19, 2006 Memorandum Endorsement.  I did.

     3.  The balance of plaintiff's letter is an appeal (apparently
untimely) from my October 19, 2006 ruling.  I am therefore

1

respectfully returning it to Judge Karas for his consideration.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           December 20, 2006

Copies mailed this date:

Joseph Carranza
P.O. Box 575060
Whitestone, New York 11357

Fred M. Weiler, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007

Michael S. Morgan, Esq.
Senior Appellate Counsel
Office of the District Attorney
One Hogan Place
New York, New York 10013

# Exhibit K



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

FRED M. WEILER
*Assistant Corporation Counsel*
Phone: (212) 788-1817
Fax: (212) 788-9776
fweiler@law.nyc.gov

January 18, 2007

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Carranza v. City of New York et al.* (06 CV10010) (KMK) (JCF)

Dear Judge Karas:

I am the Special Assistant Corporation Counsel representing defendants in the above-referenced case. I received a call today from your law clerk today regarding an order in this case issued by Judge Francis on December 20, 2006 ("December 20 Order"). That Order was written in response to a letter dated December 11 from plaintiff sent to Your Honor ("December 11 Letter"). Judge Francis' December 20 Order construes plaintiff's December 11 Letter as a Rule 72 appeal from a prior order in which Judge Francis struck plaintiff's requests for admission in this case. In the December 20 Order, Judge Francis states that he had received plaintiff's December 11 Letter and would pass the letter along to Your Honor.

In light of the foregoing, I never responded to the December 11 Letter. Can you please advise me whether you are indeed deeming the December 11 Letter to be a Rule 72 appeal (which would be quite untimely), so that I know if I need to respond to the Letter and agree to a briefing schedule?

Thank you for your time and attention.

Respectfully submitted,

Fred M. Weiler (FW 5864)

cc: Joseph Carranza (by mail)
P.O. Box 575060
Whitestone, NY 11357

*[handwritten:]* Defendants may respond to Plaintiff's December 11, 2006. That may address the merits of any appeal, as well as the procedural propriety of any appeal. The response is due by February 1, 2007. Mr. Carranza may reply by February 16, 2007.

*[handwritten:]* So Ordered,
K. M. K.
1/31/07